FRANK W. GIBSON, TREAS., ETC., Appellant, v. E. H. CLARK, ET AL., Appellees.

**Taxation:** OMITTED PROPERTY: PROOF OF OWNERSHIP.  To authorize the assessment of alleged omitted property in the hands of executors there must be proof that the deceased owned the property during the year for which it is sought to be assessed; and this rule is not complied with by proof of ownership, simply, at the date of decedent's death.

*Appeal from Jackson District Court.*— HON. A. J. HOUSE, Judge.

THURSDAY, JULY 12, 1906.

THE appellant is the county treasurer of Jackson county, and the appellees are the executors of the estate of W. F. Clark, late of said county, deceased.  On April 15, 1904, said treasurer caused notice to be served upon said executors to the effect that during his lifetime, and for the years 1899, 1900, 1901, and 1902, said W. F. Clark had withheld from assessment certain moneys and credits, and fixing April 25th as the day for hearing.  On that day the

executors appeared and filed objections in writing to an assessment by the treasurer, and a hearing was had. The treasurer found adversely to the executors, and entered an assessment against the estate for each of the several years in the sum of $3,750, moneys and credits, taxable value. Thereupon the executors appealed to the district court, and a transcript of all the proceedings had before the treasurer was filed in the office of the clerk of said court and the cause docketed as in the caption above. Trial was had to the court, resulting in a decree in favor of the executors. The treasurer appeals.— *Affirmed.*

*Thomas & Thomas,* for appellant.

*Levi Keck* and *W. C. Gregory,* for appellees.

BISHOP, J.— As required by statute the trial was had as in equity. The treasurer assumed the right to begin, and made proof that W. F. Clark died in Jackson county in January, 1903. He then introduced in evidence the inventory of the personal property belonging to the estate filed in the probate court by the executors, showing property on hand as follows: Bonds of Polk county, Iowa, of date October 1, 1900, in the sum of $20,000; bonds of Mahaska county, bearing date May 1, 1897, in the sum of $7,000; and United States government bonds in the sum of $27,000. This was followed by proof that at the time of his death W. F. Clark was 82 years of age, and that during the years in question he had not been engaged in business. On behalf of the executors there was introduced in evidence the assessment rolls for the years in question, showing the property listed by Clark for taxation, as follows: For the year 1899: " Aggregate amount of bonds, moneys, and credits, $16,000; balance of moneys and credits in United States government bonds." For the year 1900: " Aggregate amount of bonds taxable $12,000. Of the $16,000 returned last year $4,000

has been paid me and invested in United States bonds. All other moneys and credits in United States government bonds." The listing for 1901 and 1902 was bonds in the same amount as for 1900. This was followed by proof that the assessments made corresponding with such listings were presented to the board of review and that no change was made therein by that body. It appears by concession of the parties that the county bonds coming into the hands of the executors were originally issued and made payable to one Harris. There is no direct evidence in the record as to the time when such bonds became the property of Clark. It is certain, however, that the Polk county bonds were not in his hands and subject to taxation for the years 1899 and 1900; for, as we have seen, such bonds were not issued until October, 1900. Should it be conceded that the Mahaska county bonds were in his hands during those years, still there was listed for assessment taxable bonds in excess of the amount thereof. Accordingly, it must be said that in any event the assessment by the treasurer for those years was erroneous and properly set aside by the decree.

Is the proof sufficient to warrant the treasurer's assessments for the years 1901 and 1902? We are disposed to answer this question in the negative, as did the court below. An assessment cannot be sustained, except upon proof of the ownership of taxable property and that it was withheld from taxation. The inventory filed by the executors, the correctness whereof is not denied, goes no farther than to establish the fact that the executors found and reported to the court as assets of the estate the bonds mentioned therein. We cannot assume that the executors had personal knowledge of the time when Clark acquired them, and, of course, he is beyond speaking for himself. Now, in listing his personalty, Clark declared under oath that all thereof above $12,000 was invested in government bonds, and there is no proof to the contrary. The assessor whose duty it was primarily to make discovery of property subject to taxation

was satisfied with the listing, and his assessment met with the approval of the board of review. We do not say that these matters are conclusive. What we do say is that the presumption of truth arising therefrom cannot be overcome by mere surmise. Proof of ownership as of a date named is not proof of ownership as of dates one and two years previous. *State v. Dexter,* 115 Iowa, 680. And it would be no more than surmise to say that ownership of the bonds in excess of the amount listed was in Clark during the years in question because ownership existed at the time of his death. " To subject a man in the anticipation that after his death, when all possibility of explanation is gone, when all evidence of the debts which he has extinguished has disappeared, when the sources from which he derived the moneys and credits which he may leave are beyond reach, his estate may be called upon to pay taxes for preceding years . . . regardless of the presumption arising from the assessments actually made from year to year by duly constituted officers, is to add an additional horror to the fears of approaching dissolution. We think that, to sustain a claim for taxes on property omitted from assessments for previous years, there must be some evidence as to what property the taxpayer had during those years." *Galusha v. Wendt,* 114 Iowa, 597.

We find nothing in the cases cited by counsel for appellant which conflicts with the conclusion here reached. Other questions made in argument need not be discussed.

*Affirmed.*