## J. W. WOLVERTON HARDWARE CO. v. PORTER, Comanche County Treasurer.

No. 7753—Opinion Filed Oct. 31, 1916.

(160 Pac. 906.)

1. **Taxation — Assessment — Omitted Property—Tax Ferrets—Statutory Provision.**

Under section 7449, Revised Laws of 1910, the board of county commissioners of any county in this state is authorized to contract

with any person or persons · to assist the proper officers of the county in the discovery of property not listed and assessed for taxation, and the authority conferred by this provision of the statute applies only to property omitted from assessment, and does not confer the power or authority to revalue or reassess property which has already been assessed.

**2. Same—Capital Stock—Effect of Sale.**

Where a corporation has disposed of all of its capital stock and invested the proceeds in property upon which the taxes have been paid, an attempt to assess the capital stock to the corporation as omitted property under the provisions of the aforesaid statute is illegal and not warranted by law.

**3. Same.**

The record in this case examined, and held, not to warrant the rendition of the judgment rendered herein.

(Syllabus by Hooker, C.)

Error from County Court, Comanche County; R. J. Ray, Judge.

Proceedings by Joe L. Porter, county treasurer of Comanche county, against the J. W. Wolverton Hardware Company for the collection of a tax. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Charles C. Black, for plaintiff in error.

W. C. Stevens and B. M. Parmenter, for defendant in error.

Opinion by HOOKER, C. Section 7449, Revised Laws of 1910, authorizes the board of county commissioners of any county in this state to contract with any person or persons to assist the proper officers of the county in the discovery of property not listed and assessed as required by law, and provides the compensation that may be paid therefor, and directs that before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same ten days' notice thereof by registered mail addressed to him at his last-known place of residence, fixing the time and place when objections in writing to such proposed listing and assessment may be made. And it further provides that an appeal may be taken to the county court from an action of the treasurer within ten days by giving notice and filing a bond as provided therein. From an examination of this statute it is clearly apparent that the purpose contemplated is to assess property that has been omitted from assessment and that has escaped taxation, and that it does not confer the power nor the authority to revalue or reassess for the purposes of tax

ation any property that may have been overvalued or previously assessed. The object of the statute is to discover omitted property, and this is the entire scope and purpose contemplated by the act.

The proceedings here began on the 10th of November, 1913, when a notice of personal property alleged to have been omitted from taxation for the years 1908 to 1913, inclusive, was served upon the plaintiff in error, and it was directed to appear before the county treasurer of Comanche county on November 21, 1913, which it did and filed objections in writing as contemplated by the act. The county treasurer of Comanche county decided the contentions adverse to the plaintiff in error, whereupon it appealed to the county court of Comanche county, and upon the trial in the county court the plaintiff in error was successful in all of its contentions, save and except for the year 1910, and by the judgment of the county court of Comanche county it was adjudged to pay the tax on $7,685 as omitted property for the year 1910. It appears from the record before us that the judgment of the county court was based upon the admissions of the plaintiff in error in its pleadings filed in this action, and the question for us to review here is, whether the admissions in said pleadings justified the judgment rendered.

In the county court on the 30th day of July, 1915, the plaintiff in error filed an answer, wherein it said, with reference to property alleged to have been omitted from taxation in 1910, that it was a corporation having a capital stock of the par value of $23,500 and real estate of the assessed value of $17,000, and that in 1910 it failed to list with the assessor or other taxing officer its capital stock, less the assessed value of its real estate, for the reasons that it did not own any of its capital stock as the same had been sold to private individuals, and the proceeds invested in tangible, real, and personal property which had been duly assessed and taxes paid thereon for the year 1910; and that for the year 1910, that all of its personal property owned by it on March 1st of that year had been fairly assessed for taxation, and the taxes thereon as well as on the real estate owned by it. That in the year 1910, there was a mortgage placed by said company on certain real estate in Lawton for $15,980, and that $1,980 represented interest and commission, and that $14,000 represented money borrowed by the company which it placed in the real estate in improving the buildings thereon, which real estate had been assessed for taxation for $17,000, and thereafter the plaintiff in error filed a

supplemental amendment to its answer, wherein it stated that said mortgage was executed on the 26th day of June, 1909, for $15,980, and that only $14,000 thereof was for borrowed money which was used by it in the construction of said building and reiterated the allegations of the answer above given. Without the introduction of any evidence and upon these admissions the county court rendered a judgment against the company as stated above.

Section 7318, Revised Laws of 1910, provides that all corporations organized, existing, or doing business in this state for profit other than public service corporations * * * shall be assessed upon the net value of their moneyed capital, surplus, and undivided profits as the same existed on the 1st day of March of each year in the county, town, district, or city where such corporation is located, less the assessed valuation of any real estate located in this state owned by such corporation and listed separately in the name of such corporation. Moneyed capital, as used in this section, shall include money actually invested in the business of such corporation whether represented by certificates of stock, debentures, or bonds.

The judgment of the county court appealed from is as follows:

"As to the year 1910 the court finds from all the pleadings as they appear in the record and particularly from the admissions and statements made in the answer of appellant to amend statement filed herein the 30th day of July, 1915, and from the entire record, that the sum of $23,500 mentioned in the appellant's answer as capital stock of the par value of $23.500 and the sum of $14,000 mentioned in appellant's answer as the amount of cash received from the mortgage for $15,980, making a total of $37,500, constituted the money actually invested in the business of the J. W. Wolverton Hardware Company for the year 1910.

"The appellant's real estate was assessed at $17,000, which should be deducted from the total of $37,500, making $20,500, which was omitted from the tax rolls for that year. But the court further finds that appellants returned their personal property at $12,815, which in good conscience should be deducted from the $20,500, leaving $7,685, which was omitted from the tax rolls for the year 1910."

The answer of plaintiff in error filed in the court below upon the admissions of which the trial court rendered a judgment against the plaintiff in error asserts that the plain-

tiff in error did not own the capital stock of the company in the year 1910. That raises a question of fact, and this court in the case of Weatherford Milling Company v. Duncan, 42 Okla. 243, 140 Pac. 1185, said:

"Where a milling corporation has disposed of all of its capital stock and invested the proceeds in tangible property, real and personal, and an attempt is made to assess its capital stock to the corporation, as omitted property, under the provisions of the tax ferret statute, such attempt is illegal, and not warranted by the statutes, and the action of the treasurer making such assessment or attempt to collect the taxes thereon may be restrained by injunction."

Then again this answer admits that the capital stock, etc., of the company was of the par value of $23,500 in 1910, and that its real estate was of the value of $17,000. We cannot say from this admission whether the real estate was included in the estimate made by the company of the par value of the stock. The statute contemplates that the assessment shall be based upon the net value of the capital stock, surplus, and undivided profit, less the assessed value of the real estate, etc. If the money borrowed had been placed in real estate and the par value of the company determined by taking into consideration this real estate, then the judgment of the lower court is wrong. We do not understand how these admissions justified the court in rendering this judgment for the reason that if the company had disposed of its capital stock and invested the proceeds in other property upon which it had paid the taxes as it alleged in its answer, then this judgment rendered by the trial court is unquestionably incorrect. Then, again, if in determining the net value or par value of the capital stock, if the value of this real estate was included within the estimate so as to make the total $23,500, the judgment is wrong.

It appears to us that this case should have been tried out upon its merits, and if, upon the trial thereof, in determining the net value required by the statute, any property had been omitted from a consideration when this assessment was made, that the same might be lawfully assessed under the provisions of the statute quoted above. But if said property had not been omitted, but merely undervalued, that valuation could not be disturbed in this proceeding.

The judgment of the lower court is therefore reversed, and this cause remanded for proceedings consistent with this opinion.

By the Court: It is so ordered.