## In re DANIEL'S OMITTED PROPERTY.

No. 13476—Opinion Filed Nov. 18, 1924.

Rehearing Denied April 14, 1925.

Syllabus.)

### Taxation—Assessment of Omitted Property —Burden of Proof—Trial De Novo on Appeal.

In a hearing before the county treasurer, had upon information furnished by a tax ferret, under the provisions of section 9798, Comp. Stat. 1921, to determine whether certain property had escaped taxation and should then be assessed, and in the trial in the county court upon appeal from the decision of the treasurer in the matter, the burden of proof rests upon the state to show by affirmative proof that such assessment should be made; such trial in the county court is de novo, and consideration of the decision of the treasurer in the matter is competent and proper for no purpose other than to determine the rights of the parties to have such trial in that court.

Error from County Court, Tulsa County; Z. I. J. Holt, Judge.

In the matter of the listed and assessed omitted property of R. T. Daniel, Judgment against the taxpayer, and he brings error. Reversed and remanded.

West & Petry, Biddison & Campbell, and Quincy J. Jones, for plaintiff in error.

George F. Short, Atty. Gen., Rainey & Flynn, and O. B. Rogers, for the State.

R. W. Stoutz, amicus curiae.

LYDICK, J. The county treasurer of Tulsa county, acting upon information acquired from a tax ferret under the provisions of section 9798, Comp. Stat. 1921, served a written notice upon R. T. Daniel that on a day certain he would consider whether to assess against him personal property of the value stated therein as having been wrongfully omitted by the tax assessor during previous years designated. The alleged property is described therein in these words, and in these words only:

"Money, stocks, bonds, credit, deposits, certificates, oil runs, bills receivable, escrow agreements, choses in action the fair cash value of the same being $——— which was subject to taxation in Tulsa county Okla., for the year

1908, $20,000.00; 1909, $20,000.00; 1910, $25,000.00; 1911, $30,000.00; 1912, $50,000.00; 1913, $50,000.00; 1914, $75,000.00; 1915, $200,000.00; 1916, $200,000.00; 1917, $200-000.00; 1918, $200,000.00; 1919, $200,000.00; 1920, $200,000.00."

Written exceptions, sufficient in form and substance, were filed with the treasurer by R. T. Daniel. Upon said hearing the treasurer found against the taxpayer and there upon entered upon the tax rolls an assessment against the taxpayer for personal property, which the treasurer did not undertake to describe, but of value somewhat in accordance with that fixed in the notice. The taxpayer filed an appeal bond in the sum of $50,000 and perfected his appeal to the county court as authorized by section 9798, supra.

When the case was reached for trial in the county court, the county court first ruled that the burden of proof in the proceedings was upon the state. The state thereupon introduced in evidence proof that the treasurer had held against the taxpayer in the hearing before the treasurer and had actually made the assessment from which the taxpayer had appealed. This fact was, of course, admitted by the taxpayer and was necessarily true, because if the treasurer had not made the assessment, there would have been no occasion for the taxpayer to appeal. The fact is material only to show that the action pending before the court was real and not fictitious.

The county court took the case under advisement and upon further consideration of the matter on a later date held that the burden of proof in the proceedings in that court was upon the taxpayer. Thereupon the court apparently set aside its former proceedings and, in the language of the journal entry of judgment itself, "the court set said cause down for hearing and by agreement the date for hearing was fixed as April 17, 1922." It appears from the order of the court in this regard that the second hearing

was to be treated as a retrial, to be had without consideration of the evidence introduced by the state at the first trial which had therefore been had under the former ruling of the county court that the burden of proof was upon the state. In this new trial the court again ruled that the burden of proof was upon the taxpayer, the taxpayer declined to introduce any evidence, the state offered none, and the court rendered judgment in these words:

"It is hereby ordered and adjudged that the finding and judgment of the treasurer of Tulsa county, in placing upon the tax rolls of said county taxes against personal property of R. T. Daniels for the years as follows: (Here appears recitation of the amounts assessed) be confirmed and that the same is a legal and just charge against the taxpayer."

It has long been settled in this jurisdiction that the trial of this case before the county court is a trial de novo. In the case of Anderson v. Ritterbusch, 22 Okla. 761, 98 Pac. 1002, the late Mr. Justice Kane, speaking for the court, said:

"The proceeding before the treasurer is not an action at law nor a suit in equity, but a summary proceeding of a quasi judicial nature."

In that opinion the late learned Justice also said in reference to the provision in the statutes providing for appeals:

"This provision clearly contemplates a hearing before the treasurer and a trial de novo in the county court on all issues raised before the treasurer if appeal is taken."

The court there clearly held that in the hearing before the treasurer the burden of proof rested, not upon the taxpayer, but upon the state, and cited with approval the case of Gibson v. Clark, 131 Iowa, 325, 108 N. W. 527, where the court in just such a case as this said:

"An assessment cannot be sustained except on proof of the ownership of taxable property and that it was withheld from taxation. * * * The assessor, whose duty it was primarily to make discovery of property subject to taxation, was satisfied with the listing and his assessment met with the approval of the board of review. We do not say that these matters are conclusive. What we do say is that the presumption of truth arising there from cannot be overcome by mere surmise."

The description of alleged omitted property set out in the treasurer's notice is in words nearly if not quite as comprehensive and at the same time little, if any, more specific than the term "intangib'e personal property" itself and is broad enough to include most every intangible thing owned by the taxpayer during all the thirteen different years specified, from an undivided interest in a promissory note to shares of stock in a hairbrush manufacturing company in Australia. Rarely, indeed, is a party litigant required to prove a negative. A taxpayer could not usually sustain such a burden in a case like this, innocent though he might be. The very purpose of employing a tax ferret is, as the name indicates, to "ferret" out something definite and tangible. If a taxpayer can be made to prove his innocence on such an indefinite charge as this, we would hardly need a ferret. If we were satisfied with the justice of such a rule and required the tax ferret to produce no more definite information than this in order to proceed, we need only to have a law requiring all persons to annually subject themselves to a quasi court of inquiry before the county treasurer and thereby save the county the fees paid the tax ferret.

The apparent difficulty in this case easily disappears when we clearly understand the question being tried. This question was the same before the county court as it was before the treasurer. It is a compound one and may be thus stated: Did the taxpayer, in the years named, own the personal property described and of the value stated, and did the assessor omit placing it upon the tax rolls? The state affirmed the facts stated in the question and the taxpayer denied them. The state and not the taxpayer sought affirmative relief. There is no presumption of law that the property had been wrongfully omitted by the assessor, and it is, therefore, elementary that the burden of proof was upon him who so affirmed and sought relief and that is the state.

To more clearly illustrate, let us turn to a different case, where the county assessor has assessed certain property against the taxpayer at a valuation alleged by the taxpayer to be excessive. The statute there authorizes the taxpayer to file with the board of equalization a complaint in which he may allege these facts. Upon the hearing before the board of equalization the question is this: Has the assessor placed an excessive valuation upon the taxpayer's property? There the taxpayer affirms the facts stated in the question and the state denies them. The taxpayer and not the state seeks affirmative relief. The burden of course, is upon him who affirms and seeks relief, and that is the taxpayer. Upon appeal to the court for a trial de novo, the burden would remain with him no matter what was the decision of the board.

When property has been assessed for taxation, either by the county assessor in the regular way or by the county treasurer under the statute here involved, and the tax has not been paid, it is the duty of the county treasurer to collect such taxes. Under the statutory procedure provided in some of the states, the treasurer or officer charged with the duty of collecting taxes may file a petition, or, otherwise institute proceedings in a designated court for judgment against the taxpayer for the taxes already assessed. If the tax be assessed against the estate of a deceased which is being administered in the probate court, or against the estate of a bankrupt which is being administered in a court of bankruptcy, or against the estate of an insolvent corporation or individual which is being administered in a court of competent jurisdiction, the county treasurer will file its claim or petition in such proceedings, pleading the assessment and asking judgment or order for the payment of such tax. In each of the proceedings above suggested, interested parties may resist the relief sought by the treasurer and thereupon it will be incumbent upon the treasurer to prove that the assessment has been lawfully made. The question there being tried is also a compound one and is this: Has the property been assessed and is such assessment a lawful one? The burden is upon the state as the actor seeking affirmative relief. To sustain such burden, proof of the making of said assessment may be made by the introduction in evidence of the records of the officer authorized by law to make the assessment. Such records, if sufficient in form and substance, constitute prima facie proof that an assessment has been made, and if fair and lawful upon their face, they create the presumption that it has been done according to law. The burden will then shift to those denying the allegations of the treasurer to overcome the prima facie proof offered. When the assessment has not been made, but the hearing is to determine the question of whether it should be made, the actor bearing the burden is the party who seeks to have such action taken. Such was the question in the hearing before the treasurer, and such it was before the county court. A trial de novo is one had anew and in complete disregard of the first trial and the decision therein rendered. In such a case all the proceedings had in the first trial, including the decision therein, are wholly disregarded in the trial de novo on appeal, and, except for the purpose of assuming jurisdiction to conduct a new and second trial, the proceedings in the first trial and the decision rendered therein are given only the same regard as if they had never occurred. When the county court tries the case on appeal, no assessment is in existence, for the treasurer's action did not become of any legal effect on account of the appeal taken. Being of no legal effect, it is incompetent as evidence of the correctness of what it shows.

Mr. Justice Kane said in Anderson v. Ritterbusch. supra, that the county court tried the same issues which the treasurer tried, and it, therefore, follows that the county court can receive only the classes of evidence which the treasurer could have received. In the trial before the treasurer that officer could not have received evidence showing what his own decision was in the case, because it had not yet been rendered, and therefore under this rule the county court treating the trial before the treasurer as a nullity except for the purpose of permitting an appeal, could not have received such evidence. The county court knows as a matter of law, without proof, that the county assessor had not assessed such property and that the county treasurer had done so, or else the case would not be in that court on appeal. If the fact is material, evidence thereof is unnecessary. The presumption as to the correctness of the official act of the treasurer in assessing the property is no greater than the presumption of the correctness of the county assessor's action in not doing so. These presumptions, if material, offset each other and leave the question at rest. The presumption as to the action of the treasurer can be of no possible greater weight in the county court than that the treasurer's decision was the proper one to be made upon the facts presented to the treasurer in the trial before him. With that matter the county court is not in the least concerned, because in this trial de novo, as distinguished from proceedings on appeal in the nature of a writ of error, the county court is required to base its decision upon all competent evidence which may be produced before that court, and not upon the evidence produced in the hearing before the treasurer. The record of that evidence is not brought before the county court. That court is required to decide—not whether the treasurer erred in his decision upon the facts before him—but to decide upon proof produced before that court whether the property should as a matter of fact and of law be assessed. This the county court should do without being prejudiced or influenced by the decision of the treasurer in the matter.

Upon appeal to the county court the parties stand before the court in the same relation to each other and as to the issues as

they stood before the treasurer, and the issues are the same. The burden of proof rests, therefore, upon him who bore the burden in the hearing before the treasurer, and that is the state in this case. In this respect the rule is no different than on appeal from the judgment of a justice of the peace court to the county court for a trial de novo or in a trial on questions of fact in an appeal in probate matters from a county court to the district court for a trial de novo. Here, as there, the appellant may be made to testify as a witness on behalf of the state, but he cannot be required to assume the burden of proof properly resting upon the state in its own action seeking affirmative relief against him.

The defendant in error cites many cases holding that the burden is upon the taxpayer to overcome by affirmative proof the presumption of the correctness of an assessment already made. In practically all of those cases the taxpayer was the actor seeking affirmative relief and the question being tried was whether the assessment already made was correct. They are not trials de novo where the burden in the first trial rested upon the state. Practically all such cases come within the inapplicable classifications which we have herein analyzed. The hearing in the case at bar is to determine whether an assessment not yet made should be made—not to determine whether one already made should be vacated. The state has cited the opinion of a divided court in the case of State v. Kidd, 125 Ala. 413, and one or two other isolated cases announcing or strongly leaning to a contrary rule, but we believe them to be wholly unsound in reason, lacking in authority for support, and we decline to follow them.

The judgment of the county court is, therefore, reversed, and the cause remanded for further proceedings in accordance with this opinion.

McNEILL, C. J., and NICHOLSON, JOHNSON, WARREN, and GORDON, JJ., concur.