Note.—See under (1) 4 C. J. p. 879, §2853; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 432; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 80; 6 R. C. L. Supp. 73. (2) 37 Cyc. pp. 1777, 1780, 1785; anno. 15 L. R. A. (N. S.) 277; 19 L. R. A. (N. S.) 374; 49 L. R. A. (N. S.) 250; 26 R. C. L. p. 611. (3) 37 Cyc. p. 1786; anno. 49 L. R. A. (N. S.) 300; 26 R. C. L. p. 609; 6 R. C. L. Supp. p. 1561.

---

## IN RE ASSESSMENT OF ST. LOUIS-SAN FRANCISCO RY. CO. in SCHOOL DISTRICT NO. 27, CHOCTAW COUNTY.

No. 16613—Opinion Filed Dec. 7, 1926.

1. **Taxation—Power of State Board of Equalization to Assess Omitted Property Not Extended to Reassessment.**

The provisions of section 9597. C. O. S. 1921, conferring authority upon the State Board of Equalization, in certain cases, to cause property omitted in the assessment of any year or years and which has thereby escaped just and proper taxation to be entered on the assessment rolls and tax books for such year or years has application only to omitted property which has escaped taxation. and vests no authority in such State Board of Equalization to cause property which has been duly assessed and the taxes thereon paid to be reassessed on account of any error in the appropriation of the taxes so paid.

2. **Same—Reassessment of Railroad Property Not Authorized by Inadvertent Misdescriptions in Statement to State Auditor.**

Where a railway company, in good faith, returns to the State Auditor a sworn statement or schedule setting forth all of its property within the state subject to taxation and the proportion of such property located in various school districts. townships, and other subdivisions through which its line passes. and said statement or schedule is complete in all respects. except that a part of its property is described as being located in certain school districts, whereas such property is located in a different district, and without discovering the error such portion of its property is assessed and the taxes thereon paid before the error is discovered, such mistake cannot be corrected

by reassessing such property under the provisions of section 9597, supra.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Appeal from State Board of Equalization.

Proceedings before the State Board of Equalization in the matter of the assessment of the property of the St. Louis-San Francisco Railway Company. From the action of said Board of Equalization the Railway Company has appealed. Reversed.

E. T. Miller and Stuart, Sharp & Cruce, for the St. Louis-San Francisco Railway Company.

George F. Short, Atty. Gen.. V. P. Crowe, Asst. Atty. Gen.. and Choice D. Holden, for the State Board of Equalization and School District No. 27, Choctaw County.

Opinion by DICKSON, C. This is an appeal from an action of the State Board of Equalization taken on the 19th day of June, 1925, whereby certain property, viz: 2 miles of main track and .26 mile of side track was assessed against the appellant railway company as omitted property for the benefit of school district No. 27, in Choctaw county, Okla., for school purposes. On said date the State Board of Equalization passed the following resolution:

"It was moved by Mr. Short, seconded by Mr. Whitehurst, that the two miles of main line track of the St. Louis-San Francisco Railway Company, heretofore omitted from assessment in school district No. 27, in Choctaw county. Okla., for the years 1918 to 1924. both inclusive, be assessed as omitted property in school district No. 27, and that the extensions be made according to the valuation as set out in the agreed statement of facts now before the board; and that the 26 mile of side track of the St. Louis-San Francisco Railway Company be assessed as omitted property in school district No. 27, in Choctaw county, Okla., for the years 1915 to 1924, both inclusive, from the valuation heretofore fixed by the State Board of Equalization and as set forth in the agreed statement of facts now before this Board for consideration, for the reason that the said two miles of main track and 26 miles of side track belonging to the said St. Louis-San Francisco Railway Company, was omitted from said school district No. 27, Choctaw county, Okla., in the return of said railway company to the State Auditor for said years, and said two miles of main track and .26 mile of side track has escaped taxation in school district No. 27. Choctaw county, Okla.. for the years hereinabove enumerated and the return of the St. Louis-San Francisco Railway Company did not show the said property hereinabove described to be in said school district No. 27, Choctaw county. Okla., as is required by

section 9633, Compiled Statutes 1921. but on the contrary the said railway company, upon its sworn statements to this Board for said years, showed such mileage to exist in school districts 22 and 39, respectively."

This action was taken upon an agreed statement of facts entered into between said school district No. 27 and the appellant railway company. The material facts agreed upon are, that the appellant during the years 1918 to 1924, both inclusive, owned 2 miles of main line track in said county located within the boundaries of said school district No. 27; that during the years 1915 to 1924, both inclusive, the said appellant owned .26 of a mile of side track lying within the boundaries of said school district; that for the years 1918 to 1924, both inclusive said 2 miles of main track was assessed as being located in school district No. 22 of said county and during the years 1915 to 1924. both inclusive, said .26 of a mile of side track was assessed as being located in school district No. 39, of said county; that in fact during all of said years said 2 miles of main track and .26 mile of side-track were located within the boundaries of said school district No. 27 of said county. It is further agreed that in each of said years said railway company returned sworn lists or schedules to the State Auditor setting forth the entire length of its main and side tracks in said county, and showing by said schedules the proportion of its main and side trackage in each school district in said county; that while said schedule returned all of the property belonging to the defendant company, the property above described was erroneously described as being located in school districts No. 39 and 22, instead of school district No. 27, of said county. It is further agreed that for all of said years said property was assessed and the taxes thereon paid for the use of said school districts No. 39 and 22, and said taxes received by the officers of said county, and that the mistake as to the location of this property was not discovered until shortly before this proceeding was commenced. It is further agreed that the railway company, for all of the years mentioned. paid taxes upon all of its property in said county. There is no suggestion that in the apportionment of the taxes so paid by the railway company any fraud was perpetrated or that the railway company was in any way benefited.

The theory upon which this order was made is, that under the terms of sections 9632 and 9633. C. O. S. 1921, it was the duty of the railway company to return to the State Auditor a sworn statement or

schedule of the entire length of its main track and side tracks and the proportion thereof in each city. school district, and township or other municipal subdivision of the county, and that inasmuch as the railway company made an honest mistake as to the location of this property the same was omitted from the assessment for the years aforesaid. Section 9597, C. O. S. 1921, provides:

"If any real or personal property be omitted in the assessment of any year or years, and the property thereby escape just and proper taxation, at any time and as soon as such omission is discovered, the county assessor or the State Board of Equalization whose duty it is to assess the class of property which has been omitted, shall at any time, cause such property to be entered on the assessment rolls and tax books for the year or years omitted, and shall after reasonable notice to the parties affected, in order that they may be heard, assess such omitted property and cause to be extended against the same on the tax list for the current year all arrearage of taxes properly accruing against it, including therein interest thereon at the rate of six per cent. per annum, from the time such tax should have become delinquent."

And it is contended that under the facts above recited this property was omitted in the assessment for said years and thereby escaped just and proper taxation.

We cannot agree with this contention. Manifestly the power given to the State Board of Equalization by this statute was to place omitted property upon the rolls, and not to correct errors in the apportionment of taxes properly levied and collected and erroneously appropriated. The railway company doubtless made its returns giving the location of the property in the wrong district from the same records that the district and county officers acted upon in the collection and distribution of the taxes. Section 10321, C. O. S. 1921, provides that:

"It shall be the duty of the county superintendent of public instruction to divide the county into a convenient number of school districts and to change such school districts when the interests of the people may require it. * * *"

This section further provides that:

"Such superintendent shall number school districts when they are formed, and he shall keep in a book for that purpose a description of the boundaries of each school district, and part of district, in his county, with a plat of same, date of organization, date and full record of all changes of boundaries."

Just what these records show in the instant case does not appear, but it does appear beyond question that the railway company, the county treasurer, the county excise board, and the several school districts understood that this property was being assessed and taxes paid thereon and made the same mistake as to its location that the railway company made. In other words, the mistake was mutual. We know of no reason why an accounting may not be had between these districts and the mistake adjusted, but the property was not omitted from the assessment. neither did it escape just taxation as contemplated by said section 9597, supra.

The Attorney General concedes that he has been unable to find any case from this court bearing upon the question here presented, but contends that the case of San Luis Obispo v. Pettit (Cal.) 25 Pac. 694, supports his contention.

We have examined that case and are of the opinion that it fails to support the contention. In that case the assessment of certain property for the year 1887 and 1888 was invalid, and the property escaped proper taxation for that year, and the action of the officers in assessing the same in a subsequent year as for an assessment was upheld. The fundamental difference between that case and the instant case is, that in the California case the property actually escaped taxation, whereas in this case all of the taxes were fully paid. In the California case the court remarked:

"If the owner had waived the invalidity of its assessment for the fiscal year 1887-88, and had paid upon such assessment the tax levied for that year, a different question would have been presented."

The object of section 9597 is to cause omitted property to be entered on the assessment rolls and tax books for the year or years it is omitted. This is the full scope of the section and the limit of the power of the State Board of Equalization. Wolverton Hardware Co. v. Porter, Comanche County Treasurer, 61 Okla. 171, 160 Pac. 906; Scott v. Board of County Commissioners of Muskogee county et al., 100 Okla. 77, 227 Pac. 448; Kramer v. Gypsy Oil Co., 68 Okla. 212, 173 Pac. 802.

The order of the State Board of Equalization appealed from is reversed.

By the Court: It is so ordered.