## INDEPENDENT PIPE LINE CO. v. STATE BOARD OF EQUALIZATION.

No. 24379. June 12, 1934.

R. H. Hudson and R. B. F. Hummer, for plaintiffs in error.

C. W. King and A. L. Herr, for defendant in error.

ANDREWS, J. This is an appeal from an order of the State Board of Equalization placing certain pipe line property on the tax rolls as omitted property and assessing the same for the years 1922 to 1931, inclusive. The order of the State Board of Equalization was entered in October, 1932, under the provisions of section 12587, O. S. 1931, and included certain pipe lines located in Osage and Kay counties. Those lines were constructed by the Phillips Petroleum Company in 1923, and were operated by it until the year 1928, at which time the title was transferred to a subsidiary corporation, the Standish Oil Company, and operated by it until the year 1932, at which time they were transferred to the Independent Pipe Line Company, which company is the present owner of the same.

It is not necessary to consider all of the contentions made by the appellants herein.

The appellants contend that the property in question should not have been assessed as omitted property for the years here involved for the reason it did not exist in 1922, and it was assessed by the assessors of Osage and Kay counties for the other years. The evidence sustains those contentions.

By the provisions of section 12587, supra, if either personal or real property be omitted in the assessment of any year or years, and the property thereby escapes just and proper taxation, at any time and as soon as such omission is discovered, the county assessor or the State Board of Equalization, whose duty it is to assess the class of property which has been omitted, shall, after reasonable notice, assess such property and cause the same to be extended upon the tax rolls. When the State Board of Equalization sought to place the property on the tax rolls as omitted property, it assumed the burden of showing that the property was omitted property within the meaning of section 12587, supra. There was no presumption that the property was omitted property. The burden of proof was upon it. In re Daniel's Omitted Property, 108 Okla. 195, 235 P. 543; R. C. Jones Cotton Co. v. State, 139 Okla. 212, 282 P. 622; Milbourn, Adm'r, v. State, 168 Okla. 168, 32 P. (2d) 291. In Re Assessment of St. Louis-S. F. Ry. Co., in School District No. 27, Choc-

taw County, 120 Okla. 289, 251 P. 604, this court held:

"The provisions of section 9597, C. O. S. 1921, conferring authority upon the State Board of Equalization, in certain cases, to cause property omitted in the assessment of any year or years and which have thereby escaped just and proper taxation, to be entered on the assessment rolls and tax books for such year or years, has application only to omitted property which has escaped taxation and vests no authority in such State Board of Equalization to cause property which has been duly assessed and the taxes thereon paid to be reassessed on account of any error in the appropriation of the taxes so paid.

"Where a railway company, in good faith, returns to the State Auditor a sworn statement or schedule setting forth all of its property within the state subject to taxation and the proportion of such property located in various school districts, townships, and other subdivisions through which its line passes, and said statement or schedule is complete in all respects, except that a part of its property is described as being located in certain school districts, whereas such property is located in a different district, and without discovering the error such portion of its property is assessed and the taxes thereon paid before the error is discovered, such mistake cannot be corrected by reassessing such property under the provisions of section 9597, supra."

The state having failed to show that the property in question was omitted property during the years in question, the order of the State Board of Equalization placing the property on the tax rolls as omitted property was without authority of law. It is vacated.

CULLISON, V. C. J., and SWINDALL, OSBORN, and BUSBY, JJ., concur.