### PAYNE COUNTY ex rel. v. EMPIRE PETROLEUM CO. et al.

No. 13796—Opinion Filed Oct. 7, 1924.

Rehearing Denied Nov. 12, 1924.

**1. Taxation — Statutory Authority of Tax Ferrets—Reassessments Unauthorized.**

Under section 7449, Revised Laws of 1910 (section 9798, Comp. Stat. 1921), the board of county commissioners of any county in this state is authorized to contract with any person or persons to assist the proper officers of the county in the discovery of property not listed and assessed for taxation, and the authority conferred by this provision of the statute applies only to property omitted from assessment, and does not confer the power or authority to revalue or reassess property which has already been assessed. J. W. Wolverton Hdw. Co. v. Porter, 61 Okla. 171, 160 Pac. 906.

**2. Same—"Omitted Property"—Reassessment.**

Where one company owns refined oils stored in tanks on and in the possession of another company, and the latter company renders such property for taxation in its own name and pays the taxes thereon, such property may not thereafter be entered upon the tax rolls as omitted property.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Payne County; Raymond H. Moore, Judge.

Action by Payne County, Okla., on relation of J. H. Brown, tax ferret, against Empire Petroleum Company and Empire Refineries, Inc. Judgment for defendants, and plaintiff appeals. Affirmed.

Rainey & Flynn and Freeman E. Miller, for plaintiff in error.

Chas. Julian and J. A. Lenertz, for defendants in error.

Opinion by RAY, C. January 17, 1922. J. H. Brown, tax ferret, filed with the county treasurer of Payne county his report showing that for the years 1918, 1919, and 1920 the Empire Petroleum Company and the Empire Refineries, Inc., owned crude oil, fuel oil, and refined oil of the value of $500,000, stored in tanks at the refinery in Payne county, which had not been assessed or extended upon the tax roll for either of said years. Upon hearing, the county treasurer concluded that the Empire Petroleum Company owned no property in that county during either of the years mentioned; that the Empire Refineries, Inc., did own refined oils in that county, subject to taxation for each of the years mentioned, but declined to list it for taxation upon the ground that such oils were listed for taxation in the name of the Empire Refining Company covered by the language "merchandise, supplies, stocks and all other property not listed." On appeal to the county court judgment was in favor of the Empire Petroleum Company and the Empire Refineries, Inc., from which judgment Payne county has appealed.

The defendants in error have filed motion to dismiss the appeal upon the ground that this court is without jurisdiction for want of proper party as plaintiff in error, and because of certain irregularities and informalities in the appeal from the county treasurer to the county court and from the county court to this court. As the case must be affirmed upon the merits we will only say that, upon the authority of In re Evans, 72 Okla. 215, 175 Pac. 510, and Kramer, County Treasurer, v. Gypsy Oil Co., 68 Okla. 212, 173 Pac. 802, we think the county court acquired jurisdiction by the appeal from the county court, and that this court has acquired jurisdiction.

There is no conflict of testimony. The evidence shows that the Empire Refineries, Inc., is a subsidiary of the Empire Refining Company; that the Empire Refining Company, during all the time complained of, owned certain refineries in Payne county which were listed and assessed; that the Empire Refineries, Inc., owned the refined oils stored on the property of Empire Refining Company during the years 1918, 1919, and 1920, which are here sought to be placed upon the tax roll as omitted property. The two companies had in their employ the same tax commissioner for the purpose of rendering their property for taxation. During the years 1918, 1919, and 1920, W. E. Swindle was acting in that capacity for both of the companies and listed all of the property belonging to both companies in the name of the Empire Refining Company. J. H. Brown, tax ferret, on whose report these hearings were had, was county assessor of Payne county when the property was rendered for taxation in the years 1918 and 1919. W. E. Swindle,

who rendered the property for taxation was, at the time these proceedings were commenced, assistant to Mr. Brown as tax ferret. The evidence shows that the Empire Refineries, Inc., owned refined oils stored on the property of the Empire Refining Company of the value as follows:

For the year 1918, $596,345.00; for the year 1919, $409,579.00; for the year 1920, $461,611.00—none of which was assessed for taxation in the name of the Empire Refineries. Inc., but, following a custom of the two companies, was listed for taxation in Payne county in the name of the Empire Refining Company and included within the language, "merchandise, supplies, stocks and all other property not listed," and paid. The property was not listed at its cash value but was listed each year at the value of $69,944, or about 20 per cent of its actual cash value. Counsel for plaintiff in error, in their brief, say:

"In the first place we know of no law and have been unable to find any authority holding that a return by another individual or corporation constitutes a return by the owner of the property and even if this claim could be sustained the return made by the Empire Refining Company is so indefinite and uncertain that it could not, we think, be successfully maintained that the language under which it is claimed the oils were included be held to embrace these refined oils. We know of no way of ascertaining whether the words merchandise, supplies or stock mean refined oils or whether refined oils are embraced in the language and all other property not listed."

No authority has been cited by either party, as to whether personal property belonging to one person or company may lawfully be listed and assessed in the name of another person or company, but the evidence shows that it was done in this case in Payne county in the years 1918, 1919, and 1920. The only witnesses as to any material facts were W. E. Swindle, who was acting as tax commissioner for the two companies and made the tax returns to the county assessor; and who later became assistant tax ferret of Payne county, and J. A. Lenertz, the acting tax commissioner for the two companies at the time of the trial in the county court. Mr. Swindle was uncertain as to the amount of property owned by the Empire Refineries, Inc., for either year, but did return that property, owned by that company, located on the property of the Empire Refining Company and in its possession for taxation in the name of the Empire Refining Company for the three years. The correct value of the property is made to appear by the very

frank statement of Mr. Lenertz. He was frank in his statement of the custom of the companies to have their property rendered for taxation at the lowest value obtainable and not higher than the valuation of other property. The evidence is conclusive that the property was assessed in the name of the Empire Refining Company at about 20 per cent. of its actual cash value.

We think, on the uncontradicted evidence, the county treasurer and the county court reached a correct conclusion. While the property was assessed at only about 20 per cent. of its actual value, it was rendered for taxation and the taxes paid. This case is controlled by the case of J. W. Wolverton Hdw. Co. v. Porter, County Treasurer, 61 Okla. 171, 160 Pac. 906, where it was said:

"Under section 7449, Revised Laws of 1910, (section 9798, Comp. Stat. 1921), the board of county commissioners of any county in this state is authorized to contract with any person or persons to assist the proper officers of the county, in the discovery of property not listed and assessed for taxation, and the authority conferred by this provision of the statute applies only to property omitted from assessment, and does not confer the power or authority to revalue or reassess property which has already been assessed."

The judgment should be affirmed.

By the Court: It is so ordered.