[No. 23660. Department One. September 7, 1932.]

HOME STATE BANK OF BLAINE *et al., Respondents,* v. WHATCOM COUNTY *et al., Appellants.*[1]

*Lawrence M. Keplinger* and *Frank M. Allyn,* for appellants.

*Walter B. Whitcomb,* for respondents.

PARKER, J.—The plaintiffs, eight banking corporations organized under the laws of this state, each hav-

[1]Reported in 14 P. (2d) 21.

ing its place of business in Whatcom county, commenced this action jointly in the superior court for that county. They seek an adjudication that taxes levied directly upon their personal property for the years 1927, 1928 and 1930 by the taxing authorities of that county were levied without lawful authority; and also an injunction restraining the defendants Whatcom county and its tax collecting officers from distraining or levying upon any of their property looking to the enforcement and collection of such taxes. A hearing in the superior court upon the admitted facts appearing in the pleadings resulted in a final judgment as prayed for by the banks, from which the county and its officers have appealed to this court.

It will, we think, be conducive to a more ready understanding of our problems to have before us, as we proceed, the statutory provisions with which we are here concerned, in the order of their enactment. Chapter 130, Laws Ex. Ses. 1925, p. 227 (Rem. 1927 Sup., § 11097-1 *et seq.*), provides generally for the assessment and collection of taxes upon real and personal property. Section 28 thereof reads as follows:

"All the shares of stock in a bank, whether of issue or not, existing by authority of the United States or of the state, and located within the state, shall be assessed to the respective owners thereof in the city, town or other taxing district where such bank is located, and not elsewhere, in the assessment of all state, county, city, town and other taxing district taxes imposed and levied in such place, whether such owner is a resident of said city, town or other taxing district or not; all such shares shall be assessed at fifty per cent of their full and fair value in money on the first day of March in each year, first deducting therefrom the proportionate part of the assessed value of the real property belonging to the bank less any incumbrance thereon, and the person or corporations who appear from the records of the banks to be owners of shares at the close

of the business day next preceding the first day of March in each year shall be taken and deemed to be the owners thereof for the purposes of this section." Rem. 1927 Sup., § 11097-28.

Sections 29, 30, 31 and 32 provide for payment of such taxes by the banks and give them a lien therefor against the stock of their respective shareholders, with right of foreclosure similar to chattel mortgage foreclosure, and other details with which we are not here concerned. Section 59 reads as follows:

"The assessor, upon his own motion, or upon the application of any taxpayer, shall enter in the detail and assessment list of the current year, any property shown to have been omitted from the assessment list of any preceding year, at the valuation of that year, or if not then valued, at such valuation as the assessor shall determine from the preceding year, and such valuation shall be stated in a separate line from the valuation of the current year." Rem. 1927 Sup., § 11097-59.

Section 108, prior to its being repealed and superseded by subsequent legislation, read in part as follows:

"If any tax heretofore or hereafter levied on any property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceeding, or other cause, the amount of such tax which such property should have paid shall be added to the tax on such property for the next succeeding year, . . . [Here follows method of re-taxing, etc.]"

Chapter 290, Laws of 1927, p. 710 (Rem. 1927 Sup., § 11097-108), reads as follows:

"An Act providing for the re-assessment and re-taxation of property where any tax or portion of tax thereon, has been adjudged void, repealing Section 108, Chapter 130, Laws Extraordinary Session of 1925,

. . .

"Section 1. If any tax or portion of any tax heretofore or hereafter levied on any property liable to taxation is prevented from being collected for any year or years, by reason of any erroneous proceeding connected with either the assessment, listing, equalization, levying or collection thereof, or failure of any taxing, assessing or equalizing officer or board to give notice of any hearing or proceeding connected therewith, or, if any such tax or any portion of any such tax heretofore or hereafter levied has heretofore or is hereafter recovered back after payment by reason of any such erroneous proceedings, the amount of such tax or portion of such tax which should have been paid upon such property except for such erroneous proceeding, shall be added to the tax levied on such property for the year next succeeding the entry of final judgment adjudging such tax or portion of tax to have been void. If any tax or portion of a tax levied against any property for any year has been, or is hereafter adjudged void because of any such erroneous proceeding as hereinbefore set forth, the county and state officers authorized to levy and assess taxes on said property shall proceed, in the year next succeeding, to re-list and re-assess said property and to re-equalize such assessment, and to re-levy and collect the taxes thereon as of the year that said void tax or portion of tax was levied, in the same manner, and with the same effect as though no part of said void tax had ever been levied or assessed upon said property: *Provided*, That such tax as re-assessed and re-levied shall be figured and determined at the same tax-rate as such erroneous tax was or should have been figured and determined, and in paying the tax so re-assessed and re-levied the tax payer shall be credited with the amount of any taxes paid upon property re-taxed for the year or years for which the re-assessment is made.

"Sec. 2. That section 108, chapter 130, Laws Extraordinary Session of 1925, is hereby repealed."

Chapter 151, Laws of 1929, p. 380, provides for the taxing of banks measured by their income. Section 39 of that act, in so far as need here be noticed, reads as follows:

"Sections 28, 29, 30, 31 and 32, chapter 130 of the Laws of the Extraordinary Session of 1925 are hereby repealed: *Provided,* That nothing herein contained shall be construed as affecting any existing right acquired under the provisions of said act or any of the sections thereof, or the validity of any act done or proceeding had under and by virtue of said act or sections, or as affecting any assessments or levies made prior to January 1, 1929, under and by virtue of said act or sections, or as affecting any proceeding instituted under said act or sections but all proceedings, for the assessment, levy or collection of any tax remaining incomplete at the time of the taking effect of this act may be completed pursuant to the provision of acts [sections] so repealed and all things required by said act or sections to be done within any specified time, which time has begun to run at the time of the taking effect of this act, shall be done within such specified time."

In the years 1927 and 1928, respectively, the taxing officers of Whatcom county assessed and levied taxes upon the shares of the capital stock of the banks under § 28 of the act of 1925. On October 15, 1930, in an action theretofore commenced jointly by the banks in the superior court for Whatcom county, there was duly rendered by that court its decree adjudicating those taxes to have been illegally assessed and levied; and that their collection be enjoined. That judgment contains this concluding clause:

"Nothing in this decree shall be construed to prejudice the right, if any there be, or to prevent the county or its officers from assessing or re-assessing or taxing any money or tangible personal property of either of the plaintiffs, as of the dates of March 1, 1927, and March 1, 1928."

The grounds of that judgment, as we gather from its somewhat elaborate recitals, were, in substance, that the shares of the capital stock of the banks were excessively assessed for the years 1927 and 1928, by the

assessor including in their assessed valuation the value of nontaxable property of the banks.

In December, 1930, assuming to act under § 59 of the act of 1925, the taxing officers of Whatcom county assessed and taxed the personal property of the banks for the years 1927 and 1928, as property omitted from assessment and taxation for those years; manifestly proceeding upon the theory that, the taxes for those years upon the shares of the capital stock of the banks having been adjudged illegally assessed and taxed, the personal property of the banks escaped taxation, as omitted property from assessment and taxation of those years. In December, 1930, the taxing officers of Whatcom county assessed and taxed the personal property of the banks as of March 1st of that year, apparently assuming to do so under § 59 of the act of 1925, upon the theory that the property was omitted from the general assessments of such property for that year.

In February, 1931, the tax collecting officers of Whatcom county, looking to the enforcement of the collection of the taxes so levied against the personal property of the banks for the years 1927, 1928 and 1930, threatened to distrain and levy upon property of the banks. Thereupon, the banks jointly commenced this action seeking relief, resulting in the judgment in their favor from which the county and its officers prosecute this appeal.

■ ■ It seems to us, as it did to the trial court, that the personal property of the banks on March 1st of the years 1927 and 1928 is not now directly taxable as property omitted from the county tax rolls of those years under § 59 of the act of 1925. That property was taxed for those years under § 28 of the act of 1925, by the including of its value in the assessment of the shares of the capital stock of the banks. That was the statutory manner of assessing and taxing personal

property of banks during those years. While the taxes of those years upon the shares of the capital stock of the banks were by the judgment of October 15, 1930, adjudged illegal, those taxes were so adjudged illegal only because of excessive assessed valuation thereof, by including therein value of nontaxable property of the banks. Our decision in *Spokane & Eastern Trust Co. v. Spokane County,* 153 Wash. 332, 280 Pac. 3, and authorities therein noticed, seem to render it plain that such taxing of shares of capital stock of banks under § 28 of the act of 1925 is, in effect, a taxing of the taxable property of the banks, other than real property.

It seems to us that § 108 of the act of 1925, and its successor, chapter 290, Laws of 1927, p. 710, evidence a legislative intent to provide for a reassessing and retaxing of property which has been assessed and taxed in some irregular or illegal manner rendering the tax uncollectible, and has no reference to property omitted from assessment. Section 108 of the act of 1925, we have seen, was superseded by the act of 1927, which latter act was of the same general import, but somewhat more elaborate in its provisions. The latter has not been repealed or changed, and, like the former, contemplates reassessment and retaxing in the manner by law provided for the original assessing and taxing. This, manifestly, means that shares of capital stock of banks are to be reassessed and retaxed, when occasion requires, as provided by §§ 28-32 of the act of 1925.

It is argued that those sections, providing for the taxation of shares of capital stock of banks, have been repealed by § 39 of the act of 1929, which act provides for the taxation of banks measured by their income. It seems to us that the proviso of that repealing section saves and continues in force those sections for the

purpose of reassessing and retaxing shares of capital stock of banks escaping taxation prior to 1929.

As to the reassessing and retaxing of the personal property of the banks for the year 1930, we think little need be said. What we have already said, we think, shows that, whatever right of reassessment and retaxation the county has as against shares of the capital stock of the banks, such right cannot be exercised by now assessing and taxing directly the personal property of the banks under § 59 of the act of 1925.

We conclude that the judgment must be affirmed. It is so ordered.

TOLMAN, C. J., MITCHELL, STEINERT, and HERMAN, JJ., concur.