[No. 24260.    Department One.    May 17, 1933.]

SPOKANE AND EASTERN TRUST COMPANY, *Respondent*, v. SPOKANE COUNTY, *Appellant*.[1]

*Chas. W. Greenough* and *A. O. Colburn*, for appellant.

*Graves, Kizer & Graves*, for respondent.

HOLCOMB, J.—This case involves the same issues of law and the same character of facts involving the assessment as in *Bank of Fairfield v. Spokane County, ante* p. 145, 22 P. (2d) 646.

In this case, as in those cases, appellant also contends that the trial court was without jurisdiction to make any order enjoining appellant from proceeding with the reassessment for the tax of 1928 because of the enactment of chapter 62, Laws of 1931, p. 201 (Rem. Rev. Stat., § 11315 *et seq.*).

This suit was begun and an injunction issued against the collection of the disputed tax in March, 1929, about two years before the effective date of the 1931 act. The claim of appellant that it cannot be maintained because of certain provisions of the act of 1931 has been determined adversely in the *Bank of Fairfield* case, *supra*.

All other questions discussed by both counsel have been fully determined in that case, as well as in a similar case, *Home State Bank of Blaine v. Whatcom County*, 169 Wash. 486, 14 P. (2d) 21, reaffirmed *En Banc* in 171 Wash. 702, 18 P. (2d) 1119. See, also, *Pullman State Bank v. Whitman County*, 172 Wash. 701, 20 P. (2d) 1119.

Further discussion would be useless, and the judgment must stand affirmed.

BEALS, C. J., MITCHELL, and MILLARD, JJ., concur.

[1]Reported in 22 P. (2d) 656.