## STATE v. R. C. JONES & CO., Inc.

No. 23063.　Sept. 11, 1934.

Ernest F. Jenkins, Co. Atty., J. M. Springer, Frank Reed, and C. C. Suman, for plaintiff in error.

Wilcox & Swank and George C. White, for defendant in error.

WELCH, J.　This cause arose out of a proceeding by the tax ferret of Payne county, under sections 12346-12350, O. S. 1931, to assess for ad valorem taxation, as omitted property, certain properties belonging to the defendant, R. C. Jones & Company, Inc., a corporation.　On appeal from the county treasurer, the county court, after trial, denied in toto the application to assess the property involved as omitted property for the years 1929 and 1930. It is from this order and judgment of the county court that the appeal is prosecuted in the name of the state of Oklahoma.　The parties here occupy the same relative positions as in the trial court, and will be referred to as plaintiff and defendant.

The defendant is a domestic corporation organized by R. C. Jones and his wife, having for its stated or chartered purpose, in substance, the buying and selling of oil leases and royalties, loaning money on real estate, oil and gas production, loans, and acting as a holding company.

For the years 1929 and 1930, the corporation made its return to the county assessor for ad valorem assessment purposes.　The return properly contained the detailed information required by section 12372, O. S. 1931. The county assessor for each year checked the return for the purpose of determining the value of the moneyed capital, surplus, and undivided profits of the corporation, for the assessment for ad valorem taxation as provided for in section 12369, O. S. 1931. The corporate return listed the various assets and items of property owned by the corporation, and going to make up the value of the capital stock or the value of the moneyed capital, surplus, and undivided profits.　Certain items of property were claimed by the corporation and allowed by the assessor as deductible, on account of being assets otherwise taxed and assets exempt from ad valorem taxation.　These items of property included stock in other corporations, oil and

gas leases, and royalties, bonds of Payne county, oil well equipment and automobiles. After deducting these items from the gross value of all the assets, the assessor fixed the remainder as the assessable or taxable value of the moneyed capital, surplus, and undivided profits, and so assessed the corporation thereon, and the tax thereon was in due time paid for each of said years.

The gist of the plaintiff's contention is that certain of these deductions were erroneously allowed and calculated by the assessor, and that such error may now be corrected by the tax ferret, by treating such items as "omitted property" and by assessing the same as property "discovered" by the tax ferret under his contract as tax ferret.

We have examined the items allowed the defendant corporation as deductible, and it appears that they were properly so allowed; however, a question decisive or determinative of this appeal is if such an error is made by the assessor in a corporate assessment, whether such an error can be corrected by such proceeding as is attempted in this case.

Section 12369, supra, provides that corporations such as the defendant shall be assessed for ad valorem taxation "upon the value of their moneyed capital, surplus, and undivided profits, as the same existed on the first day of January of each year, in the county, town, district or city where such corporation is located."

Section 12372, supra, requires the managing officer of every such corporation to make under oath and deliver to the assessor of the county where its principal business is transacted, on forms prescribed by the State Auditor, a statement showing complete details as to its capital stock, shareholders, and all assets and property owned. The purpose of this return or report is to enable the county assessor to determine the true value of the moneyed capital, surplus and undivided profits of such corporation. After making such determination the county assessor then makes the assessment of that corporation for that year for ad valorem taxation, and, as required by that section, he then returns the sworn statement of the corporation with his assessment to the board of equalization. That section makes it the duty of the board of equalization to check the sworn report or statement of the corporation with specific authority in such board to examine the books, records, and files of such

corporation, and if the board of equalization shall find such report or statement to be untrue, such board is authorized to make up a true and correct return for the corporation, and to add a penalty of 50 per cent. of the actual value ascertained.

Section 12587, O. S. 1931, provides for the assessment of any property liable to taxation where any taxes on such property are prevented from being collected for any year or years by reason of any erroneous proceeding, or on account of the same being grossly undervalued on account of false representations or concealments made by the owner or agent in returning the same for assessment. Such subsequent assessment, however, is made by the assessor whose duty it was to assess the property in the first instance. Said section specifically provides that as to such property no contract may be made by the board of county commissioners to pay any one a commission for in any way causing such property to be reassessed. Thus we observe that under these circumstances special provision is made for subsequent assessment or reassessment, naming the person who shall make the reassessment, and prohibiting the making of such reassessment by a tax ferret proceeding. That section provides specifically that, "this shall not be construed to prevent the board of county commissioners from making contracts for the discovery of omitted property." Thus clearly indicating the legislative intent that property assessed by an erroneous proceeding or undervaluation does not come within the class of "omitted property," which may be discovered by the tax ferret and assessed by the treasurer proceeding under sections 12346-12350, supra.

There is no showing here that either the corporation in making its return and report, or the assessor in making the assessment, or the board of equalization in checking the assessment and corporate return, was guilty of any fraud or wrongdoing or omission of duty. It is therefore presumed that the corporate return was true and correct, and that the assessor fairly determined and assessed the corporation upon the value of its moneyed capital, surplus, and undivided profits, and that the board of equalization upon checking the corporate return and the assessment made by the assessor found no error therein, and approved the fixing of the assessed value by the assessor. We do not mean to say or infer that such presumption would operate to prevent a subsequent assessment

or reassessment under section 12587, supra, but it does appear from the various provisions of the statute that such reassessment must of necessity be made by the assessor under the provisions of that section, and not by the treasurer or tax ferret proceeding under sections 12346-12350, supra. In this case it is not contended by the plaintiff that the tax ferret discovered any property of the corporation not mentioned or set out in the corporate return or sworn statement.

Of course, every corporation should be fully and properly assessed and pay its just taxes, and the county should have the right to require it to be so. However, section 12587, supra, makes ample provision for the protection of the rights of the county by the proper county officials clothed with the authority and burdened with the duty to so protect the rights of the county. Upon the other hand, the shareholders of the corporation are entitled to the protection of their rights. The officers of the corporation who are required by section 12372, supra, to report the property status of the corporation to the county assessor are the agents of the shareholders who own the corporation. It is, of course, the duty of the officers of the corporation to make a true report, but the shareholders have the right to expect that the report will be checked by the proper county officials acting under said section 12372, supra, and that timely correction will be made if there are errors, and when the corporate return or report is so checked and the tax assessment made by the assessor and approved by the board of equalization, then, in the absence of any appeal, the shareholders have the right to assume that the assessment is correct and final, unless timely reassessment is made under section 12587, supra, within the time thereby specifically fixed and allowed for such corrections or reassessment, and after the expiration of that time the shareholders have the right to rely upon the fact that the corporate taxes for the particular year have been properly assessed and the assessment final. While it is important that the county collect all legal taxes, it is also important that a taxpayer, after assessing his property in the manner provided by law and paying the taxes thereon, may know that his property and estate is free and discharged from any further or future claim of taxes for the prior years for which he has so paid his taxes. These rights seem to have been considered by the Legislature in providing for the subsequent reassessment of property under the circumstances set out in section 12587, supra, but in the same section providing that such reassessment could only be made within a specified time limit. There is no such limitation of time as to omitted property, which, whenever discovered by the tax ferret, may be assessed under sections 12346-12350, supra. In this case it is not apparent that Payne county, in fact, lost any taxes to which it was entitled, but if any loss did occur it occurred by reason of the failure of the county officers to discharge their duty in assessing the taxes against the defendant corporation, and in failing to make the necessary reassessment by appropriate procedure, and if any such loss occurred by such failure of the proper county officials in the discharge of their duty, that loss cannot be recovered by erroneously treating property of the defendant corporation as omitted property when it is not omitted property, but was specifically set out in its report and sworn statement to the county assessor.

Every county assessor should carefully examine every report of property made to him for ad valorem tax assessment, and should apply his judgment thereto in determining its assessable value. The citizens and taxpayers are entitled to that service on his part, and it is his solemn duty to so act. Likewise, should the board of equalization check returns and reports and examine the books, records, and files of corporation taxpayers, if they deem it necessary. Surely within three years the rights of the county in all cases such as this could be ascertained and enforced in the manner that is authorized by law. The county officials may not be permitted to disregard their duty in these matters, and then in later years subject the property owner to an unauthorized additional tax assessment, upon the theory that the omission was one on the part of the taxpayer, and that his property theretofore formally listed in writing and presented for tax assessment was "omitted" property.

We conclude that the defendant corporation properly listed, reported, and presented its property for tax assessment, and that the tax against the defendant corporation was properly assessed upon the value of its moneyed capital, surplus, and undivided profits, and that it owns no property which was omitted for either of the years 1929 or 1930, and that the trial court was correct in so concluding and in denying the application of the plaintiff to make an assess-

ment against the defendant corporation as for omitted property for either of those years.

Our conclusion is supported by the former opinions of this court in the following cases: In re Assessment of Durant National Bank, 107 Okla. 65, 230 P. 712; J. W. Wolverton Hardware Co. v. Porter, 61 Okla. 171, 160 P. 906. See, also, the analogous reasoning of the court in Payne County v. Empire Petroleum Co., 104 Okla. 42, 230 P. 710, to the effect that it is only omitted property which may be assessed under such proceedings before the county treasurer.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and BAYLESS, JJ., concur.