## STATE v. BLACKWELL OIL & GAS CO.

No. 23064.    Oct. 16, 1934.

Ernest F. Jenkins, Co. Atty., J. M. Springer, Frank Reed, and C. C. Suman, for plaintiff in error.

Wilcox & Swank and George C. White, for defendant in error.

WELCH, J.   This cause arose out of a proceeding by the tax ferret of Payne county, under sections 12346-12350, O. S. 1931, to assess for ad valorem taxation, as omitted property, certain properties belonging to the Blackwell Oil & Gas Company, a corporation. After hearing the matter, the county treasurer concluded that the defendant corporation had been properly assessed upon the value of its moneyed capital, surplus, and undivided profits, and declined to make any further assessment. Appeal was taken to the county court, and the county court, after trial, likewise concluded that the defendant corporation had made proper report and return of its assets and property, and had been properly assessed for ad valorem taxation, and owned no property omitted from assessment and taxation, and that court denied the application to make an assessment against the corporation for the years 1929 and 1930. It is from this order and judgment of the county court that this appeal is prosecuted in the name of the State of Oklahoma. The parties here occupy the same relative position as in the trial court, and will be referred to as plaintiff and defendant.

The defendant is a domestic corporation engaged solely in the production of oil and gas and the marketing of the same.

For the years 1929 and 1930, the corporation made its return to the county assessor for ad valorem assessment purposes. The return properly contained the detailed information required by section 12372, O. S. 1931. The county assessor for each year checked the return for the purpose of determining the value of the moneyed capital, surplus, and undivided profits of the corporation for the assessment for ad valorem taxation as provided for in section 12369, O. S. 1931. The corporate return listed the

various assets and items of property owned by the corporation and going to make up the value of the capital stock or the value of the moneyed capital, surplus. and undivided profits. Certain items of property were claimed by the corporation and allowed by the assessor as deductible on account of being assets otherwise taxed and assets exempt from ad valorem taxation. After deducting these items from the gross value of all the assets, the assessor fixed the remainder as the assessable and taxable value of the moneyed capital, surplus, and undivided profits, and so assessed the corporation thereon, and the tax thereon was in due time paid for each of said years.

The gist of plaintiff's contention is that certain of these deductions were erroneously allowed and calculated by the assessor, and that such error may now be corrected by the tax ferret, by treating such items as "omitted property" and by assessing the same as property "discovered" by the tax ferret under his contract as tax ferret. It is not contended by the plaintiff that the tax ferret discovered any property of the corporation not mentioned or set out in the corporate return or sworn statement, nor that the report or return omitted to mention or refer to any of the property owned by the corporation.

This case is controlled by the decision of this court in cause No. 23063, State of Oklahoma v. R. C. Jones & Company, Inc., decided on the 11th day of September, 1934, 169 Okla. 38, 35 P. (2d) 908.

The material facts here are identical with the facts in the Jones Case, supra, and the reasoning of that opinion is approved and adopted into the opinion in this case, and upon the authority of the Jones Case, supra, the judgment of the county court of Payne county is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, BAYLESS, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS and OSBORN, JJ., absent.