## STATE v. THOMPSON-PARKER LBR. CO.

No. 24227.  May 14, 1935.

Rehearing Denied June 18, 1935.

Ernest F. Jenkins, Co. Atty., and R. W. Stoutz,. for plaintiff in error.

Embry, Johnson, Crowe & Tolbert and Wilcox & Swank, for defendant in error.

BUSBY, J. This is a proceeding to list and assess for taxation certain intangible personal property belonging to the Thompson-Parker Lumber Company, which property is alleged not to have been listed and assessed for taxation for the years 1926, 1927, 1928, 1929, 1930, and 1931. The alleged omitted personal property consisted of notes and accounts receivable and varied in amount for each of the years above mentioned from $4,000 to approximately $10,000, the amounts mentioned being the amounts due on the face of such accounts and notes.

The case originated before the county treasurer of Payne county. The decision of the county treasurer was in default of the appearance of the taxpayer and adverse to the taxpayer. The case was appealed to the county court of Payne county, where, after the introduction of evidence on the hearing, the county court decided that the alleged omitted personal property had in reality been listed and assessed for taxation for the years mentioned and taxes paid thereon. The case is brought to this court on appeal on behalf of the state of Oklahoma by the county attorney of Payne county.

In presenting its appeal the various arguments of plaintiff in error are grouped under one statement of the question involved. Plaintiff in error says:

"The controlling question upon which this appeal will turn is whether there was an **omission** to render for assessment the intangibles on which an assessment is claimed, or whether all such were rendered and assessed at an absurd valuation; and the possible further question, if it be held that all such intangibles were rendered and assessed, whether such assessment is valid or void, as a legal impediment to an assessment as for an omission."

An examination of the proof in connection with this case discloses that for each of the taxable years previously mentioned the taxpayer made a return to the county assessor of Payne county and among other items of property listed there was for each year listed an item described as "notes and accounts". The valuation as placed upon these items of property as listed by the taxpayer with the county assessor was from $200 to $500 for each of the tax years.

As we understand the contention of the plaintiff in error, it is first urged that inasmuch as the value of the notes and accounts receivable as listed by the taxpayer for each of the tax years constituted only a small portion of the face amount of the accounts receivable and notes actually owned by the taxpayer, the amount in excess of the value as listed would constitute omitted property. In support of this contention our attention is called to the case of Home Building & Loan Association v. State, 156 Okla. 89, 9 P. (2d) 731, in which we held in part that where cash in the sum of $5,-704.23 was owned by a building and loan association and was rendered for taxation in the sum of $500, the difference between $500 and the sum first above stated constituted omitted property. We do not regard the cited case as controlling or applicable in the case at bar. There is a vivid distinction between cash which has a rigid and definite value in terms of money, and notes and accounts which may or may not be worth the face amount thereof. In connection with the latter class of property there is always the question of actual value as distinguished from face value to be taken into consideration in determining the amount for which the property shall be listed for taxation. In this respect notes and accounts are possessed of the same quality as other species of personal property.

It is contended by the taxpayer in connection with this argument that, even though the property involved in this action should have been listed and assessed for more than the amount shown on the return of the taxpayer, the discrepancy is one of undervaluation as distinguished from omission, and that for that reason the procedure adopted herein is not applicable and no judgment can be rendered against the taxpayer in this case.

The statutes of this state and the previous decisions of this court support the position taken by the taxpayer. The procedure of assessing omitted property herein pursued is governed by the provisions of sections 12346 and 12348, O. S. 1931. A procedure for reassessing grossly undervalued property has been provided by section 12587, O. S. 1931. The time limit on such procedure to reassess undervalued property has been fixed by the terms of the statute at three years, whereas in the case of omitted property discovered by the tax ferret, no time limit is imposed, except that in-

24

quiry may not be made back of the year 1907. Section 12349, O. S. 1931.

In the case of J. W. Wolverton Hardware Co. v. Porter, 61 Okla. 171, 160 P. 906, this court in passing upon the meaning and effect of section 12346, supra, which was then section 7449, R. L. 1910, said in paragraph 1 of the syllabus:

"Under section 7449, Revised Laws of 1910, the board of county commissioners of any county in this state is authorized to contract with any person or persons to assist the proper officers of the county in the discovery of property not listed and assessed for taxation, and the authority conferred by this provision of the statute applies only to property omitted from assessment, and does not confer the power or authority to revalue or reassess property which has already been assessed."

And in the body of the opinion in the same case it was stated:

"From an examination of this statute it is clearly apparent that the purpose contemplated is to assess property that has been omitted from assessment and that has escaped taxation, and that it does not confer the power nor the authority to revalue or reassess for the purposes of taxation any property that may have been overvalued or previously assessed. The object of the statute is to discover omitted property, and this is the entire scope and purpose contemplated by the act."

In the later case of Payne County ex rel. v. Empire Petroleum Co. et al., 104 Okla. 42, 230 P. 710, this court, in referring to and applying the rule announced in the Wolverton Case, said:

"We think, on the uncontradicted evidence, the county treasurer and the county court reached a correct conclusion. While the property was assessed at only about 20 per cent. of its actual value, it was rendered for taxation and the taxes paid. This case is controlled by the case of J. W. Wolverton Hdw. Co. v. Porter, County Treasurer. * * *"

To the same general effect, see State v. Cushing Grocery Co., 135 Okla. 186, 274 P. 876, and R. C. Jones Cotton Co. v. State, 139 Okla. 212, 282 P. 622. See also, State v. R. C. Jones & Co., 169 Okla. 38, 35 P. (2d) 908; State v. Mul-Berry Oil Co., 169 Okla. 206, 36 P. (2d) 742; State v. Blackwell Oil & Gas Co., 169 Okla. 208, 36 P. (2d) 756.

Under the foregoing authorities this court is definitely committed to the view that a situation such as presented in the case at bar presents a case of undervaluation as distinguished from a case of omission, and that the procedure authorized by sections 12346 and 12348, supra, is not appropriate to increase or raise the valuation.

It is also contended by the plaintiff in error that the assessment in this case is vitiated by fraud. This argument is based upon the theory that the property involved herein was so grossly undervalued as to constitute a fraud on the taxing authorities. Notwithstanding this argument, the fact remains that the case is still one of undervaluation and is still controlled by the authorities previously cited. Under the proceedings authorized by section 12587, supra, the taxing authorities are allowed three years to correct a gross undervaluation brought about by false representations or concealment. The fact that they did not avail themselves of the remedy provided within the time specified does not authorize them to avail themselves of a remedy entirely inappropriate and not suitable to the case at bar.

Counsel for the plaintiff in error call our attention to the case of Anderson v. Ritterbusch, Co. Treas., 22 Okla. 761, 98 P. 1002, and In re Assessment of Durant Nat. Bank, 107 Okla. 65, 230 P. 712. We find nothing in either of those cases in conflict with the views herein announced. Counsel also direct our attention to numerous authorities from other states, some of which have adopted a different view from that to which this court is committed by its previous decisions. We deem it unnecessary to discuss those authorities or the statutes upon which they are based, since the questions involved herein have been settled in this jurisdiction.

Reference is made in the brief of plaintiff in error to certain tangible fixtures in the nature of office furniture which are briefly referred to as having been omitted from taxation. No attempt, however, is made to urge this point in the brief and it will be deemed to have been abandoned. The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.