## CARROLL, BROUGH & ROBINSON v. STATE.

No. 23717.   Oct. 1, 1935.

Wilson, Wilson & Owens, for plaintiff in error.

Clarence Tankersley, Co. Atty., for defendant in error.

WELCH, J.   The defendant is a domestic corporation domiciled in Oklahoma City, and engaged in the wholesale grocery business, serving its customers in various counties of the state, and perhaps in other states. The defendant maintains an establishment in Pottawatomie county where extensive stock of groceries is carried or stored. The exact nature of that establishment is in dispute in the briefs, the company designating it as a storage house or warehouse or place of bulk storage, and the taxing authorities referring to it as a branch business house. However, the physical property in Pottawatomie county was regularly assessed there and the tax thereon paid. So also was the corporate property regularly assessed in Oklahoma county and the tax thereon paid.

In this proceeding it is sought to assess in Pottawatomie county certain accounts receivable or credits, upon the theory that the same existed in Pottawatomie county, or had a taxable situs in that county to the extent of $3,000 in value on January 1st of each of the three years in question.

On appeal from the county treasurer, the county court apparently found the contention of the plaintiff to be sustained and ordered such assessment at $3,000 for each of the three years, from which judgment the defendant prosecutes this appeal.

The legal questions presented by the parties are probably covered by the determinations and discussions of this court in the recent cases of Grieves v. State ex rel., 168 Okla. 642, 35 P. (2d) 454, and Chestnut Securities Co. v. Oklahoma Tax Commission et al., 173 Okla. 369, 48 P. (2d) 817.

However, those matters need no further discussion here, as this cause must be determined upon the lack of proof. We have searched the record and find no evidence whatever sustaining the conclusion of the trial court that the defendant owned such credits and accounts receivable. The plaintiff insisted that the defendant did own them, and that they were in existence, but it is not so shown by any evidence. The facts above stated were shown, and the volume of business annually passing through the warehouse or establishment in Pottawatomie county was shown to be "more than $3,000 in each of the years in question," but there is no evidence which would support the conclusion that on January 1st of those years, or at any other time, the defendant held and owned credits or accounts receivable of the value of $3,000, or of any greater or lesser value.

If the defendant in truth and in fact owned the credits or accounts receivable taxable in Pottawatomie county in the years in question, then the same should have been assessed for ad valorem taxation and the taxes thereon paid, but in the absence of proof of the existence and ownership of such property the same cannot now be extended upon the tax rolls as omitted property.

For the reason that the judgment is not supported by the evidence, the judgment of the trial court must be, and is, reversed.

McNEILL, C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.