**STATE v. ATLAS LIFE INS. CO. et al.**

No. 26260. Sept. 15, 1936.

Holly Anderson, County Atty., Joe T. Dewberry, Asst. County Atty., and R. W. Stoutz, Associate Counsel, for plaintiff in error.

Gibson, Maxey & Holleman and Rogers & Stephenson, for defendants in error.

WELCH, J. This cause arose out of a proceeding by the tax ferret of Tulsa county, under sections 12346-12350, O. S. 1931, to assess for ad valorem taxation, as omitted property, certain alleged properties or property rights belonging to the Atlas Life In-

surance Company, and Atlas Life Insurance Company, successor to Anchor Life Insurance Company. After hearing the matter, the county treasurer concluded that the defendant corporation had been properly assessed upon the value of its moneyed capital, surplus, and undivided profits, and that no "omitted property" was shown to have been discovered, and declined to make any further assessment. Appeal was taken to the county court, and the county court, after trial, likewise concluded that the defendant corporation had made proper report and return of its assets and property, and had been properly assessed for ad valorem taxation, and owned no property omitted from assessment and taxation, and that court denied the application to make any assessment of omitted property against the corporation for the years 1923 to 1929, both inclusive. It is from this order and judgment of the county court that this appeal is prosecuted in the name of the State of Oklahoma. The parties here occupy the same relative position as in the trial court and will be referred to as plaintiff and defendant.

For the years involved the corporation made its return to the county assessor for ad valorem assessment purposes. The return properly contained the detailed information required by section 12372, O. S. 1931. The county assessor for each year checked the return for the purpose of determining the value of the moneyed capital, surplus, and undivided profits of the corporation for the assessment for ad valorem taxation as provided for in section 12369, O. S. 1931. The corporate return listed the various assets and items of property owned by the corporation and going to make up the value of the capital stock or the value of the moneyed capital, surplus, and undivided profits. Certain items were allowed by the assessor as deductible on account of being assets otherwise taxed and assets exempt from ad valorem taxation. After deducting these items from the gross value of all the assets, the assessor fixed the remainder as the assessable and taxable value of the moneyed capital, surplus, and undivided profits, and so assessed the corporation thereon and the tax thereon was in due time paid for each of said years.

The gist of plaintiff's contention now is that certain of these deductions were erroneously allowed and calculated by the assessor, and that such error may now be corrected by the tax ferret, by treating such items as "omitted property" and by assessing the same as property "discovered" by the tax ferret under his contract as tax ferret. It is not contended by the plaintiff that the tax ferret discovered any property of the corporation not mentioned or set out in the corporate return or sworn statement, nor that the report or return omitted to mention or refer to any of the property owned by the corporation.

This case is controlled by the former decisions of this court in State of Oklahoma v. R. C. Jones & Company, Inc., 169 Okla. 38, 35 P. (2d) 908; State v. Mul-Berry Oil Co., 169 Okla. 206, 36 P. (2d) 742; State v. Blackwell Oil & Gas Co., 169 Okla. 208, 36 P. (2d) 756; In re Assessment of Durant National Bank, 107 Okla. 65, 230 P. 712, and J. W. Wolverton Hardware Co. v. Porter, 61 Okla. 171, 160 P. 906.

If the county assessor of Tulsa county made any such error in this case, the result was a mere undervaluation of the moneyed capital, surplus, and undivided profits of the corporation, which cannot be corrected or revalued in this character of proceeding.

Therefore, upon the authority of the former decisions above cited, the judgment of the county court of Tulsa county is affirmed.

McNEILL, C. J., and RILEY, CORN, and GIBSON, JJ., concur.