## In re ASSESSMENT OF OMITTED PROPERTY OF CORTEZ OIL CO. CORTEZ OIL CO. v. STATE.

No. 23027. Feb. 9, 1937.

John M. Chick and Charles Hill Johns, for plaintiff in error.

Hughes & Ellinghausen, for defendant in error.

WELCH, J. This cause arose out of a proceeding in 1930 by the tax ferret of Creek county under sections 12346 and 12350, O. S. 1931, to assess for ad valorem taxation certain alleged omitted property of the defendant, Cortez Oil Company, for the year 1915.

After hearing the matter the county treasurer ordered an additional assessment against the defendant, Cortez Oil Company, and upon appeal to the county court a de novo trial judgment was there rendered ordering further assessments against the defendant for the year 1915.

The defendant, Cortez Oil Company, here urges that such judgment was not supported by the evidence, and we consider that assignment to present controlling merit.

It was the theory of the plaintiff that in 1915 the defendant owned certain machinery, apparatus, and appliances which were omitted from taxation for the year 1915. Upon general denial and proper contest of the matter by the defendant, the burden was upon the plaintiff in the trial to prove by competent evidence the ownership of the property and its value in 1915, as well as to show that the property was taxable and was omitted

from taxation. In re Daniels' Omitted Property, 108 Okla. 195, 235 P. 543; R. C. Jones Cotton Co. v. State, 139 Okla. 212, 282 P. 622; Wilson v. State, 169 Okla. 149, 36 P. (2d) 292; Carroll-Brough & Robinson v. State, 174 Okla. 57, 49 P. (2d) 708.

As touching the question of the ownership of the property and its value in 1915, the plaintiff offered no evidence whatever except a certain assessment list subscribed and sworn to before a notary public by an individual in 1915, who stated that he was the president of the defendant company, and listed various and sundry items of personal property, including live stock, machinery, apparatus, appliances, and crude oil, as being owned by the company and as having certain values.

It was the theory of the plaintiff that, since the total of the valuation stated in the assessment list was in excess of the amount extended on the tax rolls against the defendant for the year 1915, as a matter of fact the difference would constitute omitted taxable personal property of that valuation.

While the plaintiff's theory may in fact be true, the county court was without authority to render judgment sustaining such contention without competent evidence as to the ownership and value of the property. The defendant objected to the introduction in evidence of the assessment list signed by Mr. King in 1915, and thereafter demurred to the plaintiff's evidence, and here urges insufficiency of the evidence.

It has been heretofore held that assessment lists, though filed with the county assessor, are not admissible in evidence in general litigation to prove the value of property therein described. Bartlesville Interurban Ry. Co. v. Quaid, 51 Okla. 166, 151 P. 891; Winemiller v. Lorton, 121 Okla. 99, 249 P. 406; Champlin Refining Company v. Donnell, 173 Okla. 527, 49 P. (2d) 208.

The exact question whether this assessment list was admissible in evidence is not discussed in the briefs, and we do not decide it.

In the proceeding in 1930, it seems clear that it was the duty of plaintiff to prove the ownership and value of this property in 1915, as well as proving that the property sought to be assessed was omitted from taxation in 1915.

Assuming, without deciding it, that the assessment list was admissible in evidence, still we must sustain defendant's contention that the judgment of the trial court is not sustained by the evidence.

The evidence discloses that the 1915 assessment as then made against the defendant by the county assessor was less in dollars and cents than the aggregate valuation of the items of property stated in the assessment list. The trial court seems to have assumed that this resulted from the error of the county assessor in omitting certain specific items upon the theory that those items of personal property were not subject to ad valorem taxation. But the evidence in the case does not disclose whether this is true, or whether the difference in the aggregate valuation of the assessment list and the amount extended on the tax rolls resulted from a reduction in value by the county assessor, or the equalization board. The county assessor did not testify. A deputy did testify, and she stated that she could not remember why the lesser valuation was extended on the rolls. It must be noted that she was being interrogated in 1930 as to transactions in 1915. The trial court seems to assume that the assessment list does show that certain specific items were omitted, and that it goes further and shows which items were omitted, but we cannot approve that conclusion. The assessment list appears to have been originally prepared showing the values of 33 separate items in typewriting. As to five item valuations the amount stated in typewriting is followed by red ink figures, which in four instances indicate extension of the same amount, and in the fifth instance indicate a substantial change to a higher amount. The evidence, however, is wholly unsatisfactory as to when or why the red ink figures were inserted. The deputy assessor did testify that the red ink figures were written by her at the direction of the assessor, but she could not recall the purpose of it. In addition, the assessment list shows several mathematical calculations at various places on the document, being certain additions, divisions, and subtractions which evidently bear some relation to the other figures upon the list, but these calculations are not self-explanatory and are not explained by any evidence whatever. Nor does the evidence disclose when or by whom the calculations were made.

It is worthy of note that the deputy assessor who handled the assessment sheet in 1915 could not explain it either from her own memory or by reference to the document. It could hardly furnish more evidence as to what did or did not occur when inspected by one less familiar with it.

At most, the plaintiff's evidence, that is, the assessment list, was no more than sufficient to justify a conjecture as to the valu-

ation and omission from taxation of specific items of personal property. The tax ferret seems to have relied upon such conjecture in the first instance in commencing this proceeding, and he thereafter contents himself with presenting no further evidence in the county court.

According to the plaintiff's theory, the tax assessor in 1915 may have committed error in assessing the personal property of the defendant for ad valorem taxation, but the tax ferret has not discharged his duty if he merely discovers a record error of the county assessor. State v. R. C. Jones & Co., 169 Okla. 38, 35 P. (2d) 908; State v. Atlas Life Ins. Co., 177 Okla. 457, 60 P. ('2d) 804; Payne County v. Empire Petroleum Co., 104 Okla. 42, 230 P. 710. Before personal property may be assessed for prior years in a tax ferret proceeding there must be a discovery of personal property omitted from taxation, and where the assessment is properly contested, the proof must show the ownership of the property and its value in the year involved.

In this case there was no specific admission by the defendant of the ownership or value of any of the items of property involved. It is true the defendant urged an exemption from taxation by reason of payment of the gross production tax, but the defendant in express terms denied the ownership of any property other than such of its property as was fully assessed and taxed, and taxes paid thereon. The denial, together with the objection to the admission in evidence of the assessment list and demurrer to plaintiff's evidence, forms a sufficient predicate on which to base defendant's contention of the insufficiency of the evidence to support any additional assessment for the year 1915.

We must conclude that there was no sufficient evidence to show any specific items of personal property omitted from taxation, or the value thereof, and that the judgment of the trial court is not supported by any evidence, and that the demurrer to the evidence should have been sustained.

Accordingly, the judgment of the county court is reversed, and the cause remanded, with directions to dismiss.

OSBORN, C. J., and RILEY, BUSBY, PHELPS, CORN, and HURST, JJ., concur. BAYLESS, V. C. J., absent. GIBSON, J., not participating.