[No. 27960. Department Two. August 6, 1940.]

E. K. WOOD LUMBER COMPANY, *Respondent*, v.
WHATCOM COUNTY et al., *Appellants.*[1]

*Edward E. Johnson, F. M. Hamilton,* and *Rufus Choate Dodge,* for appellants.

*Ben Driftmier* and *Abbott & Lant,* for respondent.

BEALS, J.—The question presented in this case concerns the claim of Whatcom county to the right to

[1]Reported in 104 P. (2d) 912.

assess a stand of timber as "omitted property." The question at issue was determined upon the pleadings, a brief resume of the pleadings being therefore necessary.

Plaintiff, E. K. Wood Lumber Company, a corporation, in its complaint, after formal allegations, alleged its long standing ownership of certain unimproved real estate in Whatcom county, and that it owned both the land and all timber thereon; that, from 1924 to 1937, both years inclusive, the defendant Whatcom county levied general real estate taxes against the described property, and that plaintiff had paid or contracted for the payment of such taxes; that, during the month of June, 1938, the defendant county attempted to levy upon the described real estate additional taxes based upon a so-called supplemental assessment for the years 1924 to 1937, the taxes so levied amounting to over ten thousand dollars, and that the county treasurer extended the assessment upon the tax rolls of the county; that plaintiff was compelled to and did pay under protest the amount of the tax so levied and assessed; that the tax referred to was illegal and unjust; plaintiff praying for judgment against defendants for the amount of the tax which it had paid.

By their amended answer, the defendants admitted plaintiff's ownership of the land and all timber thereon; alleged that the statutes of the state of Washington provided forms for use by county assessors, carrying different columns under divers headings; that the assessor of defendant county had listed "land not improved" under one heading, and "timber lands" under another heading; that plaintiff at all times knew that its land and the timber thereon had been assessed in separate columns; that all properties in the county were assessed by township assessors, who reported their assessments to the county assessor; that the field book of the appro-

priate township assessor showed that the timber on plaintiff's lands had been cut, and for the years referred to, the county assessor did not consider timber on plaintiff's land as an element of value in assessing the same. Defendants admitted the levy and payment of general taxes against plaintiff's land, alleging, however, that the supplemental assessments claimed by the county were based upon valuations of timber on plaintiff's land, and upon other elements of value.

Defendants further alleged that, during the years referred to, plaintiff's land was assessed as barren and unimproved land, and that the omission of any assessment based upon timber thereon was caused by the mistake or inadvertence of the township assessor. It was admitted that plaintiff was at all times the owner both of the land and the timber thereon. The payment of the tax which plaintiff sued to recover was admitted by defendants, who also admitted that plaintiff paid the tax under protest and was compelled to pay the same to protect its property, and that this action was seasonably instituted for the recovery of the amount so paid, defendants, of course, denying that any recovery should be allowed.

By way of an affirmative defense, defendants pleaded that, prior to 1924, plaintiff's land was assessed for taxation upon the basis both of the value of the real estate and the timber thereon, and that for the year 1924 and after, the land, through mistake, was assessed without considering the value of any timber thereon; that, during the year 1938, the omission was discovered by the county officials, and the levy and assessment of which plaintiff complains were spread upon the books. Defendants attached to their answer photostatic and other copies of county records showing the method of the assessment of plaintiff's land and the levy of taxes thereon.

Plaintiff demurred to the amended answer, and after argument and some formal admissions by defendants' counsel, which nowise changed the issues to be decided but merely simplified the procedure, the trial court sustained plaintiff's demurrer, and, defendants having elected to stand upon their amended answer, judgment was entered in plaintiff's favor in accordance with the demand of its complaint, from which judgment defendants have appealed.

The question, then, is whether the county officials may levy, as for omitted property, taxes based upon what may be assumed to be the actual assessable value of the land, or whether respondent, having previously paid the taxes as regularly assessed, may lawfully attack the supplemental assessment.

The issues were framed with care, so as to clearly present for decision the question to be determined.

It, of course, stands admitted that respondent's land was for many years assessed at too low a valuation, and that the county has lost tax revenue which it undoubtedly would have received had respondent's lands been correctly assessed according to their actual value.

Rem. Rev. Stat., § 11108 [P. C. § 6882-4] defining real property for taxation purposes, reads in part as follows:

"The term 'real property' for the purposes of taxation shall be held and construed to mean and include the land itself, whether laid out in town lots or otherwise, and all buildings, structures or improvements or other fixtures of whatsoever kind thereon . . . and all rights and privileges thereto belonging or in any wise appertaining . . . ; and all substances in and under the same; all standing timber growing thereon, except standing timber owned separately from the ownership of the land upon which the same may stand or be growing . . . "

It may be assumed that respondent knew that

the assessed value of its land had been greatly reduced for taxation purposes during the year 1924 and subsequent years. Appellants argue that respondent owed the county some duty to call attention to this matter, and that respondent's silence constitutes a constructive fraud on the taxpayers of appellant county. It is, of course, the policy of the law that property shall not escape taxation; but, at least in cases in which the county officials make the entire investigation upon which the county bases its valuation of property for purposes of taxation, it cannot be held that mere silence on the part of the property owner constitutes constructive fraud of such a nature as to entitle the county to levy a supplemental assessment as for omitted property, under the circumstances here presented. It is difficult to understand just where such a line could be drawn. Suppose the timber had been assessed, but at only a small fraction of its value, or assessed at half or three-quarters of its value. We are convinced that appellants may not prevail upon the theory that respondent has been guilty of constructive fraud.

■ Upon the strictly legal question at issue, the right of the assessor, under some circumstances, to assess omitted property, is conferred by Rem. Rev. Stat., § 11142 [P. C. § 6882-59], which reads as follows:

"The assessor, upon his own motion, or upon the application of any taxpayer, shall enter in the detail and assessment list of the current year, any property shown to have been omitted from the assessment-list of any preceding year, at the valuation of that year, or if not then valued, at such valuation as the assessor shall determine from the preceding year, and such valuation shall be stated in a separate line from the valuation of the current year."

This section does not refer to revaluation or reassessment of property, but simply to an assessment of property omitted from some prior assessment list. Appel-

lants do not contend that respondent's property may be revalued or reassessed, but contend that the neglect to consider the value of the timber, in estimating the assessed value of the property, justified in law the action of the county officers.

Under the laws of this state, there are, for purposes of taxation, two classes of property—real and personal. When land and the standing timber thereon rest in the same ownership, the timber, under § 11108, *supra*, is part of the real estate. When the land and the standing timber rest in separate ownerships, the timber is considered, for taxation purposes, as personal property. In the case at bar, the land and timber were, for purposes of taxation, one parcel of real estate, and only one tax could be levied thereon. Such a tax was levied, and paid by respondent. Unquestionably, the value of real estate, as estimated by the assessor, should include both the land and the timber growing thereon.

A very similar question was considered by this court in the case of *Hammond Lumber Co. v. Cowlitz County*, 84 Wash. 462, 147 Pac. 19. It appeared that the plaintiff was the owner of real estate in Cowlitz county, and paid all taxes levied thereon for a certain four years, during which period a logging railroad owned by the plaintiff was located upon the land in question. Plaintiff also paid all taxes for the years referred to, levied against its personal property. Later, the county attempted to levy a tax against the logging railroad for each year of the four-year period. Plaintiff sued to cancel the taxes levied against the railroad. The plaintiff established that it had paid all taxes against the real estate. In determining the issue, this court, after observing that the assessor is presumed to have performed his duty, said:

"We must, therefore, assume that the logging railroad in question had been assessed by the assessors for

the years in controversy as part and parcel of the real estate. If it was then existent upon the land, it was as plainly discernible to the assessing officer upon examining the land as a house, tree, or fence would be. We therefore think that the attempt of the appellants to add the tax to the logging railroad for the years in question constitutes not an assessment of omitted property, but manifestly double taxation."

The case of *Home State Bank v. Whatcom County,* 169 Wash. 486, 14 P. (2d) 21, which concerned an attempted levy, by way of a reassessment, against personal property, is also in point in this connection. In the course of the opinion, we said:

"It seems to us, as it did to the trial court, that the personal property of the banks on March 1st of the years 1927 and 1928 is not now directly taxable as property omitted from the county tax rolls of those years under § 59 of the act of 1925. That property was taxed for those years under § 28 of the act of 1925, by the including of its value in the assessment of the shares of the capital stock of the banks."

Several cases from other jurisdictions should now be considered. In the case of *Marshall Wells Co. v. Foster County,* 59 N. D. 599, 231 N. W. 542, the supreme court of North Dakota held that the authority of county officials to assess omitted property did not include power to revalue property which had already been assessed. Quoting from the opinion:

"We do not so construe the law. Section 2122, Comp. Laws, 1913, provides that, 'In assessing any tract or lot of real property the value of the land, exclusive of improvements, shall be determined; also the value of all improvements and structures thereon and the aggregate value of the property including all structures and other improvements.' In other words, the assessor in assessing any *tract or lot of real property,* first determines the value of the land and then, the value of all the improvements and when he has the value of the land, and the value of the improvements on the land

he adds the two together for the aggregate value of the property and the land is assessed for that amount. There is but one assessment, and that is a land assessment, and in no sense an assessment against personal property."

In the case of *State v. Mortgage-Bond Co. of New York,* 224 Ala. 406, 140 So. 365, the supreme court of Alabama, in holding that a statute providing for taxing "escaped improvements of realty" did not afford the taxing authorities any relief in a certain situation, used the following language:

"From these authorities it is unquestioned law that a valid assessment, though irregular, and subject to correction through the various agencies set up to secure a fair and full assessment to the end that all taxable property shall bear its share of the public burden, when it becomes final and taxes are paid accordingly, the proceedings are binding on the state as well as upon the property owner, the tax lien is satisfied, the abstractor may so regard it.

"The property, and no part of it, can be regarded as an escape, or the property be reassessed as an escape.

. . .

"The property as a whole has been assessed, and the tax lien satisfied as to improvements as well as the lands."

In the case of *Delta Land & Timber Co. v. Police Jury,* 169 La. 537, 125 So. 585, the supreme court of Louisiana, in a case where it appeared that the owner of land had reported the same as denuded pine land, and the land was accordingly so assessed, held that no supplemental assessment as for omitted property could be made. The court said:

"The authority of an assessor to make a supplemental assessment of property for taxes, under section 12 of Act No. 170 of 1898, p. 353, is limited to property that was *omitted* from the assessment roll, or *erroneously assessed.* The timber which the assessor put on the so-called supplemental rolls for the years 1925, 1926,

1927, and 1928 was neither omitted from the assessment rolls of those years nor erroneously assessed. The timber was not omitted, because it was necessarily included, without mention thereof, in the assessment of the land on which the timber was growing or standing; and it was not erroneously assessed, because the only correct way to assess forest timber is to include its value in the assessment of the land on which it grows or stands."

As observed by the supreme court of Oklahoma, in the case of *State v. R. C. Jones & Co.,* 169 Okla. 38, 35 P. (2d) 908:

"While it is important that the county collect all legal taxes, it is also important that a taxpayer, after assessing his property in the manner provided by law and paying the taxes thereon, may know that his property and estate is free and discharged from any further or future claim of taxes for the prior years for which he has so paid his taxes."

The following cases should also be read in connection with the questions here presented: *In re Durant Nat. Bank,* 107 Okla. 65, 230 Pac. 712; *Miller v. Copeland's Estate,* 139 Miss. 788, 104 So. 176; *Davidson v. Franklin Ave. Inv. Co.,* 129 Minn. 87, 151 N. W. 537; *Roberts v. Fair,* 174 Okla. 139, 50 P. (2d) 152; *State v. Realty Loan Co.,* 209 Ala. 559, 96 So. 613; *Long Bell Co. v. McLendon,* 127 Miss. 636, 90 So. 356; *Independent Pipe Line Co. v. State Board of Equalization,* 168 Okla. 432, 33 P. (2d) 797; *State v. Thompson-Parker Lumber Co.,* 173 Okla. 22, 46 P. (2d) 494; *State v. Mul-Berry Oil Co.,* 169 Okla. 206, 36 P. (2d) 742; *State v. Blackwell Oil & Gas Co.,* 169 Okla. 208, 36 P. (2d) 756.

Appellants cite the opinion of the supreme court of Illinois in the case of *People ex rel. McDonough v. Birtman Electric Co.,* 359 Ill. 143, 194 N. E. 282, in which it was held that, under the statutes of that state, improvements on real property which had not been listed

and assessed, the value of the land only having been considered, were "omitted property," which could be later made the subject of assessment. The statutes of Illinois differ from ours. In the case of *People v. Sears,* 344 Ill. 189, 176 N. E. 273, decided by the supreme court of Illinois, it appears that, under the laws of that state, a reassessment of omitted property may be made in certain cases, provided that ownership of the property has not changed. This state has no such statute, and it is, of course, important that one purchasing real property be able to rely upon the records of the county showing payment of taxes in full for prior years. If appellant's position in the case at bar is correct, one purchasing real property would do so at the risk of a later reassessment, although the physical condition of the land had not changed. Stability of titles and the verity of public records are important considerations and have always been protected both by the legislature and the courts. In view of the differences between the statutes of Illinois and the laws of this state, we do not consider the case relied upon by appellants apposite.

It was the duty of the assessing officers of Whatcom county to justly assess respondent's land, the law requiring that the land should be frequently revalued. Respondent's land and timber constituted one entity for assessment purposes. While it is unfortunate that the officers of Whatcom county for many years neglected to justly assess respondent's property, it must be held that the procedure followed by the county officers in attempting to reassess the property for the years mentioned is without warrant of law, and the trial court correctly sustained respondent's demurrer to appellants' answer.

The judgment appealed from is affirmed.

BLAKE, C. J., STEINERT, JEFFERS, and DRIVER, JJ., concur.