### LONG BELL CO. *v.* McLENDON.

[90 South. 356.  No. 22861.]

TAXATION.  *Land cannot be back assessed where it appears assessed on rolls, even though assessed as. of no value.*

Under section 4320, Code of 1906 (section 6954, Hemingway's Code), land cannot be back assessed by the collector as land "left unassessed by the assessor," where the land appears assessed on the assessor's roll and approved by the board of supervisors, even though assessed and approved as "vacant" and of no value.

SMITH, C. J., dissenting.

APPEAL from chancery court of Clarke county.
HON. G. C. TANN, Chancellor.

Suit by the Long Bell Company against A. F. McLendon. Decree for defendant, and plaintiff appeals.  Reversed and rendered.

*S. H. Terral,* for appellant.

Section 170 of our state Constitution under the head of "Judiciary" created the office of the board of supervisors and in the case of *Haley* v. *State,* 108 Miss. 899, this court held that the "boards of supervisors are made a part of the judicial department of the state."

Section 4291 of the Code of 1906, section 6925 of Hemingway's Code, required the assessor to complete the assessment and deliver the roll or rolls to the clerk of the board

of supervisors on or before the first Monday of July in each year." Section 4297, Code of 1906 (section 6931 of Hemingway's Code), requires the board of supervisors to equalize the valuation at the August meeting. In equalizing these valuations the board of supervisors sits as a court and in order for its judgment to be binding the tax-payers must have notice required by law. *Robertson* v. *Bank,* 115 Miss. 840, 76 So. 689; *Adams* v. *Clarksdale,* 95 Miss. 88; *McGuire* v. *Union Co.,* 76 Miss. 868.

Of course, every man is presumed to know the law and thereby to know that the board equalizes values at the August meeting, yet in construing section 4303 of the Code of 1906 (section 6937, Hemingway's Code), this court held in the case of *Cameron* v. *Whittington,* 120 Miss. 595, 82 So. 311, that the notice required by section 4303 forms a part of the statutory substitute for personal summons and under the state and federal Constitutions notice must be given the tax-payer an opportunity to be heard before the assessment can become final and binding" yet no notice was given here and counsel contends that none is necessary. As a matter of fact notice should have been served on the Mississippi Lumber Company in accordance with section 3941, Code of 1906.

*J. L. Adams,* for appellee.

The appellee contends that there was nothing omitted in the back assessment of this land that vitiates his title. It is the duty of the owner of the land to give it in to the assessor, and if he does not, the assessor is to assess it and if he does not know the owner, even then to assess the land, and if for any reaon the assessor fails to assess it, then if the collector discovers that it has escaped taxation he is required under section 4320, Code of 1906 (section 6954, Hemingway's Code), to assess it. This section says: The collector shall assess and collect taxes on land liable to taxation left unassessed by the assessor, and on land that

has become liable to taxation since the last assessment, etc., "and he shall report to the board of supervisors on making each monthly settlement, under oath, additional assessments made by him, a copy of which the clerk shall transmit to the auditor, etc." Now there is nothing in evidence nor even in appellant's bill that would tend to show that the tax collector did not comply in all respects with the law in making this additional assessment of lands. Then it is presumed that he did comply with the law in all respects, but if this were not true it appears affirmatively from the evidence that he did make the assessment and report same to the board of supervisors as is required by law as provided in section 4320, Code of 1906, as is shown by the original report on file in this cause introduced by the appellant as exhibit "A" to the testimony of Mr. Foster.

The evidence further shows that the board of supervisors ordered the tax collector to make a sale of this among other lands on August 2, 1915, and that he did on that day make sale of this land to appellee as will appear from the tax collector's deed to appellee which is in evidence.

Now, what will vitiate an assessment thus made or the deed made upon sale of land under same? The case of *Monroe* v. *Thomas,* 95 Miss. 644, 48 So. 1025, says: "That sections 4284 and 4332, Code of 1906, declares the only matters which will invalidate a tax sale. The former section has reference solely to description of property which is not in question in the instant case. The latter section 4332, Code 1906, section 6966, Hemingway's Code, then, according to the above decision, contains the only matters that bear on this case. This section first gives the form of conveyances by the tax collectors, then recites what shall invalidate such conveyances, none of which things are shown to be true in this case. It is clear that there has been no redemption nor a tender of the taxes due, nor has it been shown nor attempted to be shown that the same was made at the wrong time or place."

HOLDEN, J., delivered the opinion of the court.

This is a suit in chancery by the appellant, Long Bell Company, to cancel the claim of appellee to certain lands and to quiet the title of appellant thereto. On a final hearing the court refused to grant the relief sought, from which decree this appeal is prosecuted.

This appeal presents two questions for our decision: One is whether or not section 4320, Code of 1906 (section 6954, Hemingway's Code), is unconstitutional, in that it provides an assessment, by the collector, of lands left unassessed by the assessor, but fails to provide for any notice to the owner; the exact point in this case being whether a tax title obtained through a sale under this statute is valid. The other question raised is whether or not the collector may legally back assess land and sell it under the above section in a case where the same land had already been assessed, but assessed as vacant, and not valued, by the assessor, and approved by the board of supervisors in due course under the law.

We shall omit deciding the first question as to the constitutionality of the statute, because it is unnecessary to do so, since a decision of the second question will settle the case.

The appellee claimed title under a tax sale for the taxes of 1913 and 1914, which were back assessed by the collector, in 1915, under said section 4320, Code of 1906 (section 6954, Hemingway's Code). The appellant claimed in his bill, and showed by undisputed proof, that the land was assessed on the rolls for the years of 1913 and 1914 as "vacant" land and valued at blank or nothing. These assessments were considered, passed upon, and approved by the board of supervisors in due course during said years. And it is urged therefore that said land was not "left unassessed by the assessor" as provided in said statute, and that the back assessment by the collector was void, and consequently the sale thereunder was void.

After a careful consideration of the question we have reached the conclusion that the contention of the appellant is well grounded. The land had been assessed on the rolls for the years 1913 and 1914 and has passed under the eyes of the assessor and board of supervisors, and been duly and legally approved by the latter. Therefore it was not "unassessed" for these years in the sense that it had escaped assessment and could be back assessed by the collector. In such a case the regularity or validity of the assessment is not involved, but the inquiry is, before the assessment under the said statute can be made, whether or not there has been an assessment in fact which has not escaped the notice and consideration of the board of supervisors. In other words, has the property been withheld from the assessment roll? We think not in this case, because there appears to have been an actual assessment and approval by the board of supervisors, even though it may not be valid in the eyes of the law. On this reasoning we think the back assessment here by the collector was without warrant and void.

The view we express is supported clearly in principle in *Adams* v. *Luce,* 87 Miss. 220, 39 So. 418. In that case this court said:

"It will not do to say that, because an assessment is utterly void in the eye of the law, though once actually made, such property has escaped taxation. The very term 'escape,' *ex proprio vigore,* implies that it had never been found or known or listed for taxation. That escapes detection which never has been seen in fact. That escapes assessment which never has in fact been assessed in any way. That which, as a matter of fact, has been returned by the owner, placed upon the assessment roll by the assessor, dealt with by the board of supervisors and by the tax collector, cannot be said, in any proper sense of the words 'escaped taxation' or within the scope of the evil to be remedied by the revenue law, to have escaped taxation."

From the authority quoted it seems clear to us that property which appears on the assessment roll duly approved

by the assessing authorities and the board of supervisors, in due course under the law, has not escaped taxation nor been "left unassessed by the assessor;" and, this being true, the act of the collector in assessing the property for those years for which it had already been assessed upon the approved assessment rolls was unauthorized by the statute and void. See section 4305, Code 1906, and *Robertson* v. *Bank,* 123 Miss. 380, 85 So. 177. It follows that the sale made under such assessment passed no title to the purchaser.

The decree of the lower court is reversed, and judgment is given here for the appellant.

*Reversed and judgment here for appellant.*


SMITH, C. J. (dissenting).


I am of the opinion that the land here in question was "left unassessed by the assessor" on the land roll for the years 1913 and 1914, and consequently dissent from the majority opinion.

Section 4320, Code of 1906 (section 6954, Hemingway's Code), under which the back assessment herein was made, provides that "the collector shall assess and collect taxes on land liable to taxation left unassessed by the assessor," etc. In the law of taxation an assessment consists in the two processes of listing the persons, property, etc., to be taxed, and of valuing the property for the purpose of forming a basis upon which the tax is to be computed. 1 Bouvier's Law Dictionary, p. 256; 5 C. J. pp. 813 and 816.

In the so-called assessment of the land here in question for the years 1913 and 1914 at least one of the essential elements thereof is missing, to wit, the value of the land, for the assessment as set forth by the roll is as follows:

| Name of Owner. | Division of Section | S. | T. | R. | E. or W. |
|---|---|---|---|---|---|
| 38    Vacant | S.W.1-4 of N.W.1-4 | 4 | 3 | 17 | E. |

(See page 369.)

It affirmatively appears, therefore, from the roll itself, that the land was "left unassessed."

I do not mean to say that, where there has been an actual, though void, assessment of property, it has been "left unassessed" within the meaning of the statute. That question, I think, is foreclosed by *Adams* v. *Luce*, 87 Miss. 220, 39 So. 418; but here there has been no assessment at all, but simply a listing of the property. In *Adams* v. *Luce, supra,* the assessment was complete in so far as the listing and valuing of the property was concerned, but was void because of the failure of the assessor and board of supervisors to comply in other respects with the statute in making it, and the court, in holding that the property had not "escaped taxation" within the meaning of the statute, which authorizes the revenue agent to back assess property, said:

"But where an assessment has in fact been made, where the assessment roll shows on its face all that it ought to show—the name of the owner, the description of the property, the valuation of the property, the tax, etc.—but that assessment is irregular or imperfect or defective, or even absolutely and utterly void, by reason simply of a failure to comply with some vital and fundamental requirement of the law, such property cannot, within the meaning of these words, escaped taxation,' be said to be property which has escaped taxation in fact. In such cases, manifestly, there has been an assessment—an assessment in fact, an actual assessment. The property has not been withheld from the assessment roll. It has not been omitted by inadvertence, accident, or for any other reason. It is there in the assessment roll. It is assessed at a certain rate. It is all assessed. But the whole roll is void because of such failure to comply with such fundamental requirement of the law. There is, in such latter case, no assessment in the eye of the law; but there has been an actual assessment in fact, though not valid in the eye of the law."

It is stated in the brief of counsel for the appellant that "the bill alleges that the land was legally assessed on the

assessment roll for the years 1913 and 1914 as 'vacant' land valued at naught," and conceding, for the sake of the argument, that the word "naught" written in the proper column of the assessment roll would constitute a valuation of the land, no such word appears on the roll here in question as hereinbefore set forth.

ANDERSON, J. (concurring).

In his dissent Judge SMITH says there was no assessment of the land made by the assessor and approved by the board of supervisors because the land was not valued on the assessment roll, which was vital to an assessment, and that therefore the land escaped assessment.

To illustrate the contrary view (the view of the majority of the court), take a case of this kind: John Smith owns forty acres of old gullys and hills detached from the balance of his lands; the assessor asks him to give it in for taxes. John Smith says:

"It is worthless. I would not pay taxes on it for it. I will deed it to any one who is willing to own it. I decline to have is assessed."

To which the assessor replies: "I am required by law to put it on the roll—to assess the face of the earth whether there be value or not [and he is required to do this by the statute]. I agree with you it is worthless, so I will set it down on the roll showing that fact."

And the board of supervisors, at the regular meeting provided for 'that purpose, approves such assessment. Has the land escaped assessment? The majority opinion says not..

I merely wanted to express my concurrence in this form, although the majority opinion is well reasoned.