GULLY, TAX COLLECTOR, *v.* J. J. NEWMAN LUMBER Co.

(Division B.   March 1, 1937.   Suggestion of Error Overruled March 29, 1937.)

[172 So. 740.   No. 32589.]

**E. C. Fishel,** of Hattiesburg, for appellant.

Lamar Hennington and Heidelberg & Roberts, all of Hattiesburg, for appellee.

Goode Montgomery, of Laurel, amicus curiae.

**Anderson, J.,** delivered the opinion of the court.

The State Tax Collector, acting under authority of section 6991, Code 1930, attempted to back assess, for the year 1934, the J. J. Newman Lumber Company with 75,000 acres of cut-over land in Perry county, upon the ground that it had escaped taxation by reason of not having been assessed for that year. The tax assessor of the county had put the land on the assessment roll properly described as belonging to the United States without any valuation. At the regular meeting of the board held for that purpose the assessment roll was approved. On appeal to the circuit court, that court held against the contention of the State Tax Collector. From that judgment the State Tax Collector prosecutes this appeal.

The federal government acquired title to the land involved under the authority of chapter 186, sections 4,

5, 6, 8, 10, and 11, 36 Stat. 962, and 963, which will be found in U. S. C. A., title 16, sections 513, 515, 517, 519, and 521. Section 513 provides for the creation of the National Forest Reservation Commission, and, together with the other sections referred to, for the purchase by the federal government, through the Secretary of Agriculture, of cut-over or denuded lands for the purposes of reforestation and the regulation of the flow of navigable streams. The federal government purchased the land from the J. J. Newman Lumber Company; the deed was executed by the lumber company on December 26, 1933, and delivered to an agent for the federal government authorized to receive the same on the 28th day of December, 1933, and was accepted by the government upon condition that a "safe title" was conveyed. The title was not approved by the government until some time in May, 1934, and the deed was not recorded until June of that year.

Taxes assessed against land are a lien thereon and bind the land from the first day of January of the year in which the assessment is made, and in addition constitute a debt recoverable by action. Sections 3120 and 3122, Code 1930. The State Tax Collector proceeded upon the idea that the government did not acquire the land until the title was approved by it, which was in May after the execution of the deed and, therefore, the lumber company owned it up to that time and was liable for the taxes for that year. In other words, under those facts the contention of the tax collector is that the land had escaped taxation by reason of not being assessed.

We pass the question as to the ownership of the land on the 1st day of January, 1934, and affirm the judgment of the circuit court upon the ground that the land had not escaped taxation for that year on account of not being assessed in the meaning of section 6991, Code 1930, as construed by Long Bell Co. v. McLendon, 127 Miss. 636, 90 So. 356, 357, and Adams v. Luce, 87 Miss. 220, 39

So. 418. It was held in the Long Bell Company Case that land could not be back assessed through the State Tax Collector where it appeared on the assessment roll, approved by the board of supervisors, as vacant with no value. In discussing the question the court used this language:

"The land had been assessed on the rolls for the years 1913 and 1914 and has passed under the eyes of the assessor and board of supervisors, and been duly and legally approved by the latter. Therefore it was not 'unassessed' for these years in the sense that it had escaped assessment and could be back assessed by the collector. In such a case the regularity or validity of the assessment is not involved, but the inquiry is, before the assessment under the said statute can be made, whether or not there has been an assessment in fact which has not escaped the notice and consideration of the board of supervisors. In other words, has the property been withheld from the assessment roll? We think not in this case, because there appears to have been an actual assessment and approval by the board of supervisors, even though it may not be valid in the eyes of the law. On this reasoning we think the back assessment here by the collector was without warrant and void.

"The view we express is supported clearly in principle in Adams v. Luce, 87 Miss. 220, 39 So. 418. In that case this court said: 'It will not do to say that, because an assessment is utterly void in the eye of the law, though once actually made, such property has escaped taxation. The very term "escape," ex proprio vigore, implies that it had never been found or known or listed for taxation. That escapes detection which never has been seen in fact. That escapes assessment which never has in fact been assessed in any way. That which, as a matter of fact, has been returned by the owner, placed upon the assessment roll by the assessor, dealt with by the board of supervisors and by the tax collector, can-

not be said, in any proper sense of the words "escaped taxation" or within the scope of the evil to be remedied by the revenue law, to have escaped taxation.'

"From the authority quoted it seems clear to us that property which appears on the assessment roll duly approved by the assessing authorities and the board of supervisors, in due course under the law, has not escaped taxation nor been 'left unassessed by the assessor;' and, this being true, the act of the collector in assessing the property for those years for which it had already been assessed upon the approved assessment rolls was unauthorized by the statute and void."

The assessment had come under the eye of the board of supervisors; the board had approved the assessment showing ownership of land in the federal government. That action was final so far as the State Tax Collector was concerned, regardless of whether it was legal or illegal. It is only where the assessing authorities of the county have failed to assess at all that the State Tax Collector is authorized to act.

Affirmed.