GULLY, STATE TAX COLLECTOR, *v.* MISSISSIPPI VALLEY CO.

(Division B. May 2, 1938.)

[180 So. 745. No. 33194.]

Geo. R. Smith and **White & Morse,** all of Gulfport, for for appellant.

670

Gardner & Backstrom, of Gulfport, **R. C. Beckett** and **E. C. Craig**, of Chicago, Ill., and **Burch, Minor & McKay**, of Memphis, Tenn., for appellee.

672

Argued orally by R. C. Beckett, for appellee.

**Griffith, J.**, delivered the opinion of the court.

A large number of town lots, most of them unimproved, located in the city of Gulfport, were and are owned by appellee as trustee for the Gulf & Ship Island Railroad Company. During the period here in question these lots were not being used in any manner for railroad purposes. For the years 1933 to 1935, inclusive, each and all of them, properly described were assessed upon the assessment rolls of the county as the property of appellee, but no valuation was noted for any of them; and instead thereof there was in each blank space left for valuation a notation "T C," meaning that the valuations were to be made by the State Tax Commission, as if of lots or lands used in connection with the railroad.

The railroad company, in obedience to section 3201, Code 1930, which requires a return to the State Tax Commission of all property, real and personal, owned by each and every railroad in the state, filed its said return and included therein the town lots above mentioned with their values. The Tax Commission passed upon the valuations, certified the lists and valuations to the county authorities, and the railroad company paid the taxes as thus fixed on said lots for each of said years.

Appellant instituted a statutory proceeding to "back-tax" these lots as having escaped taxation by reason of not being assessed for said years, his contention being that, since the lots were entirely disconnected from the business of the railroad, as such, the assessment of them by the State Tax Commission was wholly void. See concluding provisions, section 3204, Code 1930, as amended by Laws 1932, c. 291.

As already mentioned, every one of these lots appeared by proper legal description on the assessment rolls of the county, and for every year here involved. They were then and there to be seen by the Board of Supervisors; they were brought to the attention of the board for its consideration what to do with them. They were not with-

held from the assessment rolls; but, on consideration thereof, the board adjudged that the valuations should be fixed by the State Tax Commission and this latter was done and the taxes paid. This is an end of the matter so far as the state tax collector is concerned; and this without regard to any errors of fact or of law on the part either of the Board of Supervisors or of the State Tax Commission, and without regard to the question whether the assessment, as completed, was or was not void. Gully v. J. J. Newman Lumber Co., 178 Miss. 312, 172 So. 740; Long Bell Co. v. McLendon, 127 Miss. 636, 90 So. 356; Adams v. Luce, 87 Miss. 220, 39 So. 418.

Affirmed.