IN THE COURT OF APPEALS

7/15/97

OF THE

STATE OF MISSISSIPPI

NO. 95-CA-00792 COA

ENTERPRISE PRODUCTS COMPANY APPELLANT

v.

BOARD OF SUPERVISORS OF FORREST

COUNTY, MISSISSIPPI, AND THE PETAL

SCHOOL DISTRICT APPELLEES

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. W. M. O'BARR, JR.

COURT FROM WHICH APPEALED: FORREST COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: F. M. TURNER III

ATTORNEYS FOR APPELLEES: WILLIAM HAROLD JONES

JEFFREY HOLLIMON

NATURE OF THE CASE: CIVIL

TRIAL COURT DISPOSITION: ADDITIONAL TAX ASSESSMENT APPROVED

MOTION FOR REHEARING FILED:7/29/97

CERTIORARI FILED: 10/21/97


BEFORE McMILLIN, P.J., HERRING, AND KING, JJ.

McMILLIN, P.J., FOR THE COURT:


Enterprise Products Company (hereafter "Enterprise") has appealed a judgment non obstante verdicto (JNOV) entered by the trial court in a tax contest case heard in the Circuit Court of Forrest County under section 11-51-77 of the Mississippi Code of 1972. The case was tried to a jury, which returned a verdict in favor of Enterprise and against the affected taxing authorities -- the Forrest County Board of Supervisors and Petal School District. On a post-trial motion filed by the board and the district, the trial court set aside the jury's verdict and entered a JNOV in their favor.

At issue is the question of whether the Forrest County Tax Assessor may assess back taxes for the county and the school district on certain improvements to real property owned by Enterprise. The assessor proposed to do so under authority of section 27-35-155 of the Mississippi Code of 1972, which permits the county tax assessor to assess taxes for prior years on any "property that [has] escaped taxation in any former year or years . . . by reason of not being assessed . . . ." Miss. Code Ann. § 27-35-155 (1972).


I.


Facts


Enterprise owns certain real property in Forrest County that contains large underground storage areas for liquid natural gas. The storage areas were created by a process of dissolving the naturally-existing underground salt domes to create caverns into which the gas is pumped and stored. The process of creating the caverns involves repeatedly pumping fresh water into the domes and pumping out the resulting brine until a storage area of suitable size is produced. Prior to 1993, the Forrest County tax assessor had not separately valued these storage caverns as improvements contributing to the total valuation of Enterprise's property. However, in 1993, the Mississippi Attorney General issued an opinion suggesting the caverns were taxable improvements within the meaning of section 27-35-49 of the Mississippi Code of 1972, which requires that "land shall be appraised according to its true value and assessed in proportion thereto, *taking into consideration the improvements thereon."* Miss. Code Ann. § 27-35-49 (1972). Pursuant to this opinion, the assessor separately

valued the caverns and added that valuation to the land value in arriving at a total assessment of Enterprise's lands. These storage areas unquestionably have substantial economic value, as witnessed by the fact that the change in assessment methods resulted in the assessed value of Enterprise's property going from about $6,780 to over $4,700,000.

## II.

### Discussion

Enterprise does not contest the assessor's authority to prospectively assess and collect ad valorem taxes on this enhanced valuation of its property; however, it did oppose the right to retroactively assess for prior years under the above code section. Enterprise claims that its property, though it may have been taxed at an improper valuation, did not escape taxation by virtue of not being assessed within the contemplation of section 27-35-155 and prior decisions of the Mississippi Supreme Court interpreting that section.

The Mississippi Supreme Court has placed a narrow interpretation on this language, which has appeared in several taxing statutes over the years. The court has essentially held that the property must have completely escaped the attention of the taxing authority in order to be subject to an assessment for back taxes. *Adams v. Luce,* 87 Miss. 220, 39 So. 418 (1905). Thus, the fact that a particular parcel has been substantially undervalued by the assessor does not make the excess value taxable in arrears. *Miller v. Copeland's Estate,* 139 Miss. 788, 104 So. 176 (1925). Even in a case where the tax assessor incorrectly assessed the property as having no value, the supreme court said that the property had not thereby escaped taxation within the meaning of the statute. *Long Bell Co. v. McLendon,* 127 Miss. 636, 90 So. 356 (1922).

The outcome in this case, then, depends on the proper interpretation of the word "property." If a permanent improvement to real property is separate "property" within the meaning of the statute, there can be no dispute that the caverns have completely escaped taxation by virtue of the assessor's erroneous belief that they could not be separately valued. However, if the word "property" means the tract itself, then the separate items of unimproved land and permanent improvements are simply constituent elements of the "property," and the property, within the meaning of the statute, has not escaped taxation since Enterprise has, for all the years in question, paid those taxes levied on the parcel. Under this view, the failure to consider the enhanced value of the property attributable to the permanent improvements becomes only a matter of undervaluation, and, as we have seen, undervaluation is not subject to back assessment under the statute.

The answer to the question is provided by the decision in *Miller v. Copeland's Estate*, 139 Miss. 788, 104 So. 176 (1925). At the time that case was decided, the assessing officer was required to assign a separate value for standing timber on a tract of property when determining the proper value of the tract for assessing taxes. Thus, at the time, standing timber was treated in essentially the same manner that permanent improvements are done under our present assessment procedure. In *Copeland's Estate*, the taxpayer returned the land as being "uncultivatable land" and left blank items calling for number of board feet of timber on the property and an estimated value of the timber. *Miller v. Copeland's Estate,* 104 So. at 177. Miller, the state revenue agent, operating under a statute

containing essentially the same language as the one now under consideration, sought to back assess the taxpayer for the value of the standing timber on the theory that the timber had "escaped taxation." *Id.* at 176. The supreme court, however, concluded that, for purposes of this statute, the "property" meant the tract of real estate. In the court's view, standing timber and permanent improvements were merely elements contributing to the value of the property, but were not considered to be separate items of property to be separately assessed. *Id* at 177. In essence, the court held that, even though the assessing agency may have failed to consider all of the constituent elements adding value to the parcel, nevertheless, the property itself had not escaped taxation. The court went on to say:

The assessor and the board, in the nature of things, could not consider the value of the lands without considering the timber thereon and the houses and improvements, the amount of cleared and cultivated land and its quality, the amount of uncultivatable land, etc. In filling out the tax list by [the taxpayer] he failed to make any entries whatever in any of the other columns than the ones provided for the description of the lands and their value. But the assessor and board of supervisors, in the performance of their duties, *could not possibly consider and pass upon the value of the lands without passing upon the different elements going to make up their value, one of which was their standing timber.*

*Miller v. Copeland's Estate,* 104 So. at 177 (emphasis supplied).

This Court finds this precedent, under the doctrine of *stare decisis*, requires us to find that the property of Enterprise has not escaped taxation by virtue of not being assessed, and was, therefore, not subject to the back assessment ordered by the trial court in its JNOV. We conclude that the statutory scheme for ad valorem taxation of property in this State, as enacted by the Mississippi Legislature and interpreted by the Mississippi Supreme Court, contemplates that the term "property" in the statute means the tract of real property at issue. The elements of the property that contribute to its value for purposes of determining its proper assessed valuation, such as permanent improvements, are not separate items of "property" in the sense that word is used in the statute.

It is the opinion of this Court that Enterprise was entitled to prevail in this case as a matter of law at the conclusion of the proof. Nevertheless, since the jury returned a verdict that conforms to what the law compels, it was harmless error to submit the case to the jury rather than enter a directed verdict in favor of Enterprise. That jury verdict must be reinstated.

**THE JUDGMENT NOTWITHSTANDING THE VERDICT OF THE CIRCUIT COURT OF FORREST COUNTY IS REVERSED AND THE ORIGINAL JUDGMENT IN FAVOR OF THE APPELLANT, ENTERPRISE PRODUCTS COMPANY, IS REINSTATED. COSTS ARE ASSESSED TO THE APPELLEES.**

**THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, PAYNE, AND SOUTHWICK, JJ., CONCUR. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, C.J.**

IN THE COURT OF APPEALS

7/15/97

OF THE

STATE OF MISSISSIPPI

NO. 95-CA-00792 COA

ENTERPRISE PRODUCTS COMPANY APPELLANT

v.

BOARD OF SUPERVISORS OF FORREST

COUNTY, MISSISSIPPI, AND PETAL

SCHOOL DISTRICT APPELLEES

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

KING, J., DISSENTING:

With all due respect to the majority, which finds this case to be controlled by *Miller v. Copeland's Estate*, 139 Miss 788 (1925), I disagree and accordingly dissent.

In *Miller*, the tax assessor 1) was aware of the existence of the timber, 2) was aware that the timber was subject to taxation, 3) was aware that the tax form included thereon a separate block for taxation of timber, 4) had until 1920, taxed the timber separately, and 5) allowed the tax statement to be prepared without separately assessing the timber.

In the present case, the tax assessor 1) was aware of the storage cavern, 2) was unaware that the

storage cavern was subject to taxation, and 3) had no box on his form to tax a hole in the ground, which is what the storage cavern is.

A hole in the ground in and of itself is not subject to taxation, rather it is only when its use makes it an improvement that it becomes subject to taxation. It was not until the attorney general issued an opinion that this hole in the ground was an improvement subject to taxation, that either of the parties became aware of its taxable nature.

The *Miller* case, 139 Miss at 811, indicates that its opinion is founded on the belief that in valuing the land the assessor took into consideration both the land and timber, since both were known to be subject to taxation. However, where neither party is aware of the taxable nature of the cavern, it cannot be rationally said to have been considered in placing a value upon the property as a whole.

I therefore believe this case should be distinguished from *Miller*.

For these reasons, I would affirm.

**BRIDGES, C.J., JOINS THIS SEPARATE WRITTEN OPINION.**